UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

```
_____
                            )
FILBERT NELSON,             )
      Petitioner,           )
                            )
v.                          )     Civil Action No. 04-10316-JLT
                            )
LUIS SPENCER,               )
      Respondent.           )
_____)
```

### RESPONDENT'S MOTION TO DISMISS FOR FAILURE TO EXHAUST STATE COURT REMEDIES

The respondent, through counsel, moves to dismiss this petition seeking a writ of habeas corpus for failing to state a claim upon which relief can be granted. In support of his motion, the respondent states that the petitioner has presented this Court with a mixed petition, having failed to exhaust the claims contained in grounds two and three of his petition. Because the petitioner has not yet provided the state's highest court with the first opportunity to pass on the merits of this claim, the petition should be dismissed. 28 U.S.C. § 2254(b)-(c). The respondent reserves the right to submit a memorandum raising additional defenses, if necessary.

In support of this motion, the respondent relies upon a memorandum of law and an Answer and Supplemental Answer filed previously with this Court.

|  |  |
|---|---|
|  | Respectfully submitted, |
|  | THOMAS F. REILLY<br>ATTORNEY GENERAL |
|  | /s Susanne G. Reardon<br>Susanne G. Reardon, BBO No. 561669<br>Assistant Attorney General<br>Criminal Bureau<br>One Ashburton Place<br>Boston, Massachusetts  02108 |
| Dated: May 12, 2004 | (617) 727-2200 ext. 2832 |

## CERTIFICATE OF SERVICE

    I hereby certify that a true copy of the attached documents was served upon petitioner, 2 Clark Street, P.O. Box 43, Norfolk, MA 02056 by first class mail, postage pre-paid, on May 12, 2004.

                                                                         Susanne G. Reardon
                                                                         Assistant Attorney General

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| FILBERT NELSON,<br>　　　Petitioner,<br><br>v.<br><br>LUIS SPENCER,<br>　　　Respondent. | )<br>)<br>)<br>)<br>)　　Civil Action No. 04-10316-JLT<br>)<br>)<br>)<br>) |

### RESPONDENT'S MEMORANDUM OF LAW
### IN SUPPORT OF THE MOTION TO DISMISS

This memorandum of law is submitted in support of the respondent's Motion to Dismiss the habeas corpus petition filed by Filbert Nelson (the "petitioner"). As argued in this memorandum, the petition should be dismissed where the petitioner has failed to exhaust his available state court remedies as to grounds two and three of his petition. *See Rose v. Lundy*, 455 U.S. 509, 518-519 (1982). The respondent has not briefed his remaining defenses because the petitioner's failure to exhaust mandates dismissal of the entire petition.[1]

### PRIOR PROCEEDINGS

On June 26, 1996, a Suffolk County, Massachusetts, grand jury returned indictments against the petitioner for the following offenses: trafficking in over 200 grams of cocaine and illegal

---

[1] Since it is clear from the petitioner's Application for Further Appellate Review to the Supreme Judicial Court (contained in the Supplemental Answer filed with this memorandum, at Item No. 5) that the petitioner has failed to exhaust available state remedies, the respondent will not, in the interest of economy, address any additional affirmative defenses. Should this Court rule that the petitioner has exhausted his state remedies, the respondent respectfully requests thirty days from the date of receipt of this Court's order to file a supplemental memorandum which addresses the additional affirmative defenses and/or the merits of the petition.

possession of a firearm. See SA: Vol. I, 1.[2] On June 4, 1997, Judge Charles Spurlock declared a mistrial after the jury declared themselves deadlocked. See SA Vol. I, 1. On June 10, 1997, following a second trial, the jury found the petitioner guilty of both offenses and Judge Spurlock sentenced the petitioner to eighteen to twenty years in prison. Id.

On June 15, 1999, the petitioner filed a pro se motion for new trial. Id. Judge Spurlock denied this motion without a hearing on August 18, 1999. Id. The petitioner appealed from the denial of his motion for new trial to the Massachusetts Appeals Court ("Appeals Court") and presented the following claims: (1) ineffective assistance of counsel due to counsel's refusal to allow defendant to testify; (2) the defendant's unknowing and involuntary waiver of his right to testify was prejudicial and constitutional error under the 5th, 6th and 14th Amendments; 3) the trial judge committed reversible error by denying the defendant's request to discharge counsel and for a brief continuance; and 4) the motion judge erred in denying the defendant's motion to suppress. See SA:Vol. I, 2. On June 4, 2001, the Appeals Court affirmed the petitioner's convictions in an unpublished opinion pursuant to Mass. R. App. Prac. 1:28. Commonwealth v. Nelson, 51 Mass. App. Ct. 1112, 748 N.E.2d 1056 (2001). See SA Vol. I, 3. The petitioner then filed an Application for Leave to Obtain Further Appellate Review ("ALOFAR") in the Massachusetts Supreme Judicial Court ("SJC") and presented the following claims: (1) ineffective assistance based on trial counsel's refusal to allow the defendant to testify; 2) the trial judge committed reversible error by denying the defendant's request to discharge counsel and for a brief continuance; and 3) the motion judge erred in denying the defendant's motion to suppress. See SA:Vol. I, 6. On July 30, 2001, the SJC denied

---

[2] The respondent herein references his Supplemental Answer, containing the state court materials from the petitioner's trial and appeal, as "SA" followed by the volume and exhibit numbers.

the petitioner's ALOFAR. Commonwealth v. Nelson, 434 Mass. 1108, 757 N.E.2d 729 (2001). See SA:Vol. I, 7.

On June 18, 2002, the petitioner filed a second motion for new trial. See S.A. Vol. I, 1. The trial judge denied this motion without a hearing on July 31, 2002, finding the issues waived. See S.A. Vol. I, 1. The petitioner appealed from the denial of this motion for new trial to the Massachusetts Appeals Court ("Appeals Court") and presented the following claims: 1) the trial judge abused his discretion in denying the motion for new trial without having an evidentiary hearing; 2) ineffective assistance of counsel based on a) the failure to properly investigate and marshall facts relative to the proper presentation of issues during the hearing on the motion to suppress; b) failure of trial counsel to properly investigate key issues for presentation to jury; and c) failure of appellate counsel to properly present key facts and issues to the Appeals Court; 3) no probable cause for the initial seizure of the defendant without a warrant having been issued; and 4) ineffective assistance of counsel for failure to request a missing witness instruction. See S.A. Vol. II, 8. The Appeals Court affirmed the petitioner's convictions in an unpublished opinion pursuant to Mass. R. App. Prac. 1:28. Commonwealth v. Nelson, 59 Mass. App. Ct. 1112, 798 N.E.2d 586 (2003). See SA Vol. II, 10. The petitioner then filed an Application for Leave to Obtain Further Appellate Review ("ALOFAR") in the Massachusetts Supreme Judicial Court ("SJC") and presented the following claim: Whether the motion judge abused his discretion by denying the motion for new trial without a hearing and where trial and appellate counsel were ineffective. On January 29, 2003, the SJC denied the petitioner's ALOFAR. Commonwealth v. Nelson, 441 Mass. 1102, 803 N.E.2d 332 (2004). See SA:Vol. II, 12.

On February 13, 2004, the petitioner filed a petition for writ of habeas corpus with this Court.

The respondent has filed an Answer and Supplemental Answer, and now files a Motion to Dismiss for Failure to Exhaust State Court Remedies together with this memorandum of law in support of his motion to dismiss.

### ARGUMENT

**THE HABEAS CORPUS PETITION SHOULD BE DISMISSED WHERE THE PETITIONER FAILED TO EXHAUST AVAILABLE STATE COURT REMEDIES AS TO GROUND TWO OF HIS PETITION.**

It is well-established that "a federal court should not consider questions posed in a habeas petition until the 'power of the highest state court in respect to such questions' has been exhausted." Mele v. Fitchburg District Court, 850 F.2d 817, 819 (1st Cir. 1988), quoting United States ex rel. Kennedy v. Tyler, 269 U.S. 13, 17 (1925). See Rose v. Lundy, 455 U.S. 509, 518-19 (1982); Adelson v. DiPaola, 131 F.3d 259, 261-262 (1st Cir. 1997); Dougan v. Ponte, 727 F.2d 199, 202 (1st Cir. 1984); 28 U.S.C. §2254(b)(1)(A). The exhaustion principle, in addition to ensuring that state courts have the first opportunity to correct their own constitutional errors made in their proceedings, enables federal courts to accord appropriate respect to the sovereignty of the states and promotes comity by "minimiz[ing] friction between our federal and state systems of justice." Rose, 455 U.S. at 518. See Duncan v. Henry, 513 U.S. 364, 365-366 (1995); Duckworth v. Serrano, 454 U.S. 1, 3 (1984); Scarpa v. DuBois, 38 F.3d 1, 6 (1st Cir. 1994), cert. denied, 513 U.S. 1129 (1995); Mele, 850 F.2d at 819. See also Ex parte Royall, 117 U.S. 241, 251 (1886)(state and federal courts are "equally bound to guard and protect rights secured by the Constitution").

A claim in state court that contains a mere inkling of a federal claim, not one "likely to alert the court to the claim's federal nature," will not suffice for exhaustion purposes. *Nadworny v. Fair*, 872 F.2d 1093, 1098 (1st Cir. 1989), quoting *Daye v. Attorney General of New York*, 696 F.2d 186,

192 (2d Cir. 1982) (en banc), *cert. denied*, 464 U.S. 1048 (1984). *See Scarpa v. DuBois*, 38 F.3d at 6. It also is not enough that all the facts necessary to support the federal claim were before the state court, or that a somewhat similar state-law claim was made. *Anderson v. Harless*, 459 U.S. 4, 6 (1982); *Picard v. Connor*, 404 U.S. 270, 276-277 (1971). *See Duncan v. Henry*, 513 U.S. at 366. Indeed, "[t]he exhaustion requirement requires a habeas applicant to do more than scatter some makeshift needles in the haystack of the state court record. The ground relied upon must be presented face-up and squarely; the federal question must be plainly defined. Oblique references [that] hint that a [federal] theory may be lurking in the woodwork will not turn the exhaustion trick." Martens v. Shannon, 836 F.2d 715, 717 (1st Cir. 1988). It is the petitioner's heavy burden to demonstrate that his now claimed federal errors were fairly presented to the state's highest court. Nadworny v. Fair, 872 F.2d 1093, 1098 (1st Cir. 1989). In order for it to be said that the petitioner has exhausted his state remedies as to his federal habeas claims, he must have presented the state court with appropriate federal trappings such as:

> specific constitutional language, constitutional citation, appropriate federal precedent, substantive constitutional analogy, argument with no masking state-law character, ... such as would in all likelihood alert a reasonable jurist as to the existence of the federal question.

Id. at 1101. "The fewer the trappings that adorn a petitioner's state-court filings, the less likely that [a federal court] will find his federal claim to have been exhausted." Adelson, 131 F.3d at 262.

In ground two, the petitioner claims that he was deprived of his right to call witnesses in his favor, specifically the informant. This claim was never presented to the Supreme Judicial Court in either of his appeals. In ground three, the petitioner claims that he was denied effective assistance of counsel at the suppression hearing, at trial and on appeal, but

5

merely alludes to exculpatory evidence that was not presented.  In the petitioner's second application for further appellate review, he claimed ineffective assistance of counsel due to trial counsel's failure to call Lieutenant Cunningham to testify at trial.  See S.A. Vol. II, 11. To the extent that his present claim includes further grounds for his ineffective assistance of counsel claim, they are unexhausted.  Because the petitioner has not "fairly presented the substance of his federal habeas claim[s] to the state court before seeking federal review," *Gagne*, 835 F.2d at 7, his petition should be dismissed as containing unexhausted claims.

**CONCLUSION**

For the reasons set forth above, the respondent urges this Court to dismiss the habeas corpus petition.

Respectfully submitted,

THOMAS F. REILLY
ATTORNEY GENERAL

/s Susanne G. Reardon
Susanne G. Reardon, BBO 561669
Assistant Attorney General
Criminal Bureau
One Ashburton Place
Boston, Massachusetts  02108
(617) 727-2200 ext. 2832

Dated: May 12, 2004

**CERTIFICATE OF SERVICE**

I hereby certify that a true copy of the attached documents was served upon petitioner, 2 Clark Street, P.O. Box 43, Norfolk, MA 02056 by first class mail, postage pre-paid, on May 12, 2004.

/s Susanne G. Reardon
Susanne G. Reardon
Assistant Attorney General