UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| FILBERT NELSON,<br>    Petitioner,<br><br>v.<br><br>LUIS SPENCER,<br>    Respondent. | Civil Action No. 04-10316-JLT |

### RESPONDENT'S MEMORANDUM OF LAW
### IN SUPPORT OF THE MOTION TO DISMISS IN PART

This memorandum of law is submitted in support of the respondent's Motion to Dismiss in part the amended habeas corpus petition filed by Filbert Nelson (the "petitioner"). As argued in this memorandum, the petition should be dismissed where the petitioner has presented a Fourth Amendment claim that is barred by *Stone v. Powell*, 428 U.S. 465 (1976) and a state law claim, which is not cognizable on habeas review.

### PRIOR PROCEEDINGS

On June 26, 1996, a Suffolk County, Massachusetts, grand jury returned indictments against the petitioner for the following offenses: trafficking in over 200 grams of cocaine and illegal possession of a firearm. *See* SA: Vol. I, 1.[1] On June 4, 1997, Judge Charles Spurlock declared a mistrial after the jury declared themselves deadlocked. *See* SA Vol. I, 1. On June 10, 1997, following a second trial, the jury found

---

[1] The respondent herein references his Supplemental Answer, containing the state court materials from the petitioner's trial and appeal, as "SA" followed by the volume and exhibit numbers.

the petitioner guilty of both offenses and Judge Spurlock sentenced the petitioner to eighteen to twenty years in prison. *Id*.

On June 15, 1999, the petitioner filed a pro se motion for new trial. *Id*. Judge Spurlock denied this motion without a hearing on August 18, 1999. *Id*. The petitioner appealed from the denial of his motion for new trial to the Massachusetts Appeals Court ("Appeals Court") and presented the following claims: (1) ineffective assistance of counsel due to counsel's refusal to allow defendant to testify; (2) the defendant's unknowing and involuntary waiver of his right to testify was prejudicial and constitutional error under the 5th, 6th and 14th Amendments;   3) the trial judge committed reversible error by denying the defendant's request to discharge counsel and for a brief continuance; and 4) the motion judge erred in denying the defendant's motion to suppress.  *See* SA:Vol. I, 2.  On June 4, 2001, the Appeals Court affirmed the petitioner's convictions in an unpublished opinion pursuant to Mass. R. App. Prac. 1:28. *Commonwealth v. Nelson*, 51 Mass. App. Ct. 1112, 748 N.E.2d 1056 (2001). *See* SA Vol. I, 3.  The petitioner then filed an Application for Leave to Obtain Further Appellate Review ("ALOFAR") in the Massachusetts Supreme Judicial Court ("SJC") and presented the following claims: (1) ineffective assistance based on trial counsel's refusal to allow the defendant to testify; 2)  the trial judge committed reversible error by denying the defendant's request to discharge counsel and for a brief continuance; and 3)  the motion judge erred in denying the defendant's motion to suppress. *See* SA:Vol. I, 6.  On

July 30, 2001, the SJC denied the petitioner's ALOFAR.  *Commonwealth v. Nelson*, 434 Mass. 1108, 757 N.E.2d 729 (2001).  *See* SA:Vol. I, 7.

On June 18, 2002, the petitioner filed a second motion for new trial.  See S.A. Vol. I, 1.  The trial judge denied this motion without a hearing on July 31, 2002, finding the issues waived.  See S.A. Vol. I, 1.  The petitioner appealed from the denial of this motion for new trial to the Massachusetts Appeals Court ("Appeals Court") and presented the following claims: 1) the trial judge abused his discretion in denying the motion for new trial without having an evidentiary hearing; 2) ineffective assistance of counsel based on a) the failure to properly investigate and marshal facts relative to the proper presentation of issues during the hearing on the motion to suppress; b) failure of trial counsel to properly investigate key issues for presentation to jury; and c) failure of appellate counsel to properly present key facts and issues to the Appeals Court; 3) no probable cause for the initial seizure of the defendant without a warrant having been issued; and 4) ineffective assistance of counsel for failure to request a missing witness instruction.  See S.A. Vol. II, 8.  The Appeals Court affirmed the petitioner's convictions in an unpublished opinion pursuant to Mass. R. App. Prac. 1:28.  *Commonwealth v. Nelson*, 59 Mass. App. Ct. 1112, 798 N.E.2d 586 (2003).  See SA Vol. II, 10.  The petitioner then filed an Application for Leave to Obtain Further Appellate Review ("ALOFAR") in the Massachusetts Supreme Judicial Court ("SJC") and presented the following claim: Whether the motion judge abused his discretion by denying the motion for new trial without a hearing and where

trial and appellate counsel were ineffective.  On January 29, 2003, the SJC denied the petitioner's ALOFAR.  *Commonwealth v. Nelson*, 441 Mass. 1102, 803 N.E.2d 332 (2004).  *See* SA:Vol. II, 12.

On February 13, 2004, the petitioner filed a petition for writ of habeas corpus with this Court.  On April 16, 2004, the respondent filed an Answer and Supplemental Answer and on May 12, 2004, the respondent filed a Motion to Dismiss for Failure to Exhaust State Court Remedies.  On May 25, 2004, the petitioner filed an opposition to the motion to dismsiss and a motion to amend his petition.  On June 23, 2004, the petitioner filed an amended petition.

## ARGUMENT

### I. THE PETITIONER'S FOURTH AMENDMENT CLAIM RAISED IN GROUND ONE IS BARRED FROM HABEAS REVIEW BY *STONE v. POWELL*.

In *Stone v. Powell*, 428 U. S. 465 (1976), the Supreme Court held that "where the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, the Constitution does not require that a state prisoner be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search was introduced at his trial."  *Id.* at 482 (footnote omitted).  *See Tart v. Massachusetts*, 949 F.2d 490, 497 n. 6 (1st Cir. 1991).  In Ground 1 of the petition, the petitioner claims that his conviction was obtained by use of evidence obtained pursuant to an unlawful arrest in violation of the Fourth Amendment.  *See*

petition at ¶12A. This issue was the subject of full and fair litigation in state court, including a non-evidentiary hearing in Superior Court and a full appeal to the Massachusetts Appeals Court, *see Commonwealth v. Nelson*, 51 Mass. App. Ct. 1112, 748 N.E.2d 1056 (2001), and it may not serve as the basis for habeas relief. *See Palmigiano v. Houle*, 618 F.2d 877, 878-883 (1st Cir. 1980); *Pignone v. Sands*, 589 F.2d 76, 77 (1st Cir. 1978). Ground 1 of the petition should be dismissed.

## II.   IN GROUND THREE, THE PETITIONER RAISES AN ERROR OF STATE LAW WHICH IS NOT COGNIZABLE ON HABEAS REVIEW.

Errors of state law do not provide a basis for federal habeas corpus relief. *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991); *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990). It is not the province of a federal habeas court to reexamine state court determinations of state law questions. *Lewis*, 497 U.S. at 780-81. In other words, this Court does not have jurisdiction in this federal collateral attack of the petitioner's state conviction to review a claimed error of a State law. A federal court may issue a writ of habeas corpus only when a conviction violates the constitution, laws or treaties of the United States. *Estelle*, 502 U.S. at 67-68; 28 U.S.C. §§ 2241, 2254. "Even if an error of state law could be sufficiently egregious to amount to a denial of equal protection or of due process of law guaranteed by the

Fourteenth Amendment," a federal court may not issue a writ to redress such a deprivation if the claims are merely ancillary to perceived errors of state law. *Pulley v. Harris*, 465 U.S. 37, 41 (1984). *See Adelson v. DiPaola*, 131 F.3d 259, 262 n. 3 (1st Cir. 1997); *Hamm v. Latessa*, 72 F.3d 947 (1st Cir. 1995), *cert. denied*, 519 U.S. 947 (1996). *See also Pitts v. Lockart*, 911 F.2d 109, 111-12 (8th Cir. 1990), *cert. denied*, 501 U.S. 1253 (1991) (petitioner's claims that he was deprived of due process and equal protection were not grounds for habeas relief where his conviction was obtained in contravention of state law, no matter how "serious and fundamental the error" may have been). However, "a state law or practice that betrays a fundamental principle of justice offends the Due Process Clause." *Sanna*, 265 F.3d at 11, *citing Cooper v. Oklahoma*, 517 U.S. 348, 363-65 (1996). As the *Sanna* Court stated, "a state court's error in applying a state rule sometimes can have constitutional implications," but "this is not to say that every error of state law can be transmogrified by artful argumentation into a constitutional violation." *Sanna*, 265 F.3d at 12.

In Ground three, the petitioner claims that the trial judge abused his discretion in denying the motion for new trial without a hearing. This is a state law issue governed by Mass. R. Crim. P. 30(c)(3). The petitioner has not asserted that the denial of a hearing denied his constitutional rights.

Therefore, this claim is not cognizable on habeas review and must be dismissed.

**CONCLUSION**

For the reasons set forth above, the respondent urges this Court to dismiss grounds one and three of the habeas corpus petition.

>Respectfully submitted,
>
>THOMAS F. REILLY
>ATTORNEY GENERAL
>
>/s Susanne G. Reardon
>Susanne G. Reardon, BBO 561669
>Assistant Attorney General
>Criminal Bureau
>One Ashburton Place
>Boston, Massachusetts  02108
>(617) 727-2200 ext. 2832

Dated: July 30, 2004

**CERTIFICATE OF SERVICE**

I hereby certify that a true copy of the attached documents was served upon petitioner, 2 Clark Street, P.O. Box 43, Norfolk, MA 02056 by first class mail, postage pre-paid, on July 30, 2004.

>/s Susanne G. Reardon
>Susanne G. Reardon
>Assistant Attorney General