UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Civil Action No.
04-10316-JLT

FILBERT NELSON

Petitioner

v.

LUIS SPENCER

Respondent

REPORT AND RECOMMENDATION

January 19, 2005

COHEN, M.J.

In this habeas case, based on an amended petition for a writ of habeas corpus
(# 22),[1] respondent has moved to dismiss Grounds One and Three of the petition.  That
motion to dismiss, in turn, was referred to this court for report and recommendation
consistent with the provisions of 28 U.S.C. § 636(b) and Rule 2(b) of the Rules for
United States Magistrate Judges in the United States District Court for the District of
Massachusetts.  For the reasons which follow, this court recommends that that motion
to dismiss (# 24)[2] be allowed.

1.    Procedural History

---

[1]    Petitioner's original petition for a writ of habeas corpus included claims for relief based on
grounds clearly not presented to the highest state courts.  The respondent accordingly moved to dismiss (# 15)
the petition on the grounds that it was a mixed petition within the meaning of *Rose v. Lundy*, 455 U.S. 509 (1982).  In
response thereto, the respondent thereafter filed his amended petition (# 22).  Insofar as this court can discern,
respondent does nor raise the issue of exhaustion of state remedies *vis a vis* the amended petition.  It accordingly
appears that the original motion to dismiss (# 15) based on exhaustion principles is now moot.

[2]    Motion to Dismiss in part for failure to state claim upon which relief can be granted.

On June 26, 1996, a Suffolk County, Massachusetts, grand jury returned indictments against the petitioner for the following offenses: trafficking in over 200 grams of cocaine and illegal possession of a firearm. At the initial trial, the trial judge, Spurlock, J., declared a mistrial after the jury declared themselves deadlocked. On June 10, 1997, following a second trial, the jury found the petitioner guilty of both offenses, and he was sentenced to imprisonment for eighteen to twenty. On June 15, 1999, petitioner filed a *pro se* motion for new trial. That motion was denied without a hearing by the trial judge on August 18, 1999. Petitioner's direct appeal from the convictions, as well as from the order denying his motion for a new trial, was rejected on the merits by the Massachusetts Appeals Court. *Commonwealth v. Nelson*, 51 Mass. App. Ct. 1112, 748 N.E.2d 1056 (2001), and an application for further appellate review was denied by the Massachusetts Supreme Judicial Court. *Commonwealth v. Nelson*, 434 Mass. 1108, 757 N.E.2d 729 (2001). On June 18, 2002, the petitioner filed a second motion for new trial. The trial judge denied this motion without a hearing on July 31, 2002, finding the issues waived. Petitioner appealed from the denial of this second motion for new trial to the Massachusetts Appeals Court, and that Court rejected his claims in an unpublished opinion pursuant to Mass. R. App. Prac. 1:28. *Commonwealth v. Nelson*, 59 Mass. App. Ct. 1112, 798 N.E.2d 586 (2003). An Application for Leave to Obtain Further Appellate Review was subsequently denied. *Commonwealth v. Nelson*, 441 Mass. 1102, 803 N.E.2d 332 (2004).

2.    Ground One

In Ground One of his amended petition, petitioner contends that the trial court

improperly denied his motion to suppress certain evidence seized upon his arrest.  At bottom, petitioner contends that the evidence was seized on the basis of a search warrant issued on less than probable cause.

In the circumstances, it is clear that review of this claim is proscribed by the holding in *Stone v. Powell*, 428 U.S. 465 (1976), and it progeny, all of which categorically hold that claims that evidence was seized and used in violation of the Fourth Amendment cannot be raised in Section 2254 proceedings.

In contending otherwise, petitioner apparently says:[3] (1) that the trial judge erred in reaching the conclusion that the search was lawful; and (2) that he received ineffective assistance of counsel at the motion to suppress hearing.  Neither suggestion, however, saves Ground One of the amended petition.

To the extent that petitioner contends that the trial judge reached the wrong result on the evidence presented at the suppression hearing,[4] that falls far short of a showing that petitioner did not receive a full and fair hearing on his motion to suppress. As our Court of Appeals recently observed (*Sanna v. DePaolo*, 265 F.3d 1, 8-9 (1st Cir. 2001)):

> Faced with this obviously adequate procedural framework, the petitioner mounts a rather curious offensive.   Instead of questioning the state process, he challenges the state court's factual findings.   In his view, no reasonable factfinder could have concluded that his father consented to the officers' warrantless entry.

---

[3]     Petitioner's Memorandum in Support of Motion for Order to Deny Motion to Dismiss (# 28).

[4]     At the suppression hearing, petitioner called a witness who testified that the search was conducted prior to the issuance of a warrant.  The motion judge, Borenstein, J., concluded that petitioner's witness was wholly unreliable and not worthy of belief.

This challenge fails.   Although a federal habeas court may inquire into the adequacy and fairness of available state court procedures for the adjudication of Fourth Amendment claims, its inquiry ordinarily ends upon a determination that those procedures pass muster.   *See Pignone v. Sands*, 589 F.2d 76, 79 (1st Cir.1978).   Put another way, "a full and fair opportunity" to litigate means that the state has made available to defendants a set of procedures suitably crafted to test for possible Fourth Amendment violations.  *Id.* So long as a state prisoner has had an opportunity to litigate his Fourth Amendment claims by means of such a set of procedures, a federal habeas court lacks the authority, under Stone, to second-guess the accuracy of the state court's resolution of those claims.   *See Caver v. Alabama*, 577 F.2d 1188, 1192 (5th Cir.1978) (holding habeas review precluded if state provides a suitable procedure for full and fair opportunity to litigate Fourth Amendment claims, regardless of whether the petitioner employs that procedure). Hence, the mistaken outcome of a state court suppression hearing, standing alone, cannot be treated as a denial of the opportunity fully and fairly to litigate a Fourth Amendment claim (and, thus, cannot open the door to federal habeas review).  *Willett v. Lockhart*, 37 F.3d 1265, 1270 (8th Cir.1994) (*en banc*); *Palmigiano*, 618 F.2d at 882; *Pignone*, 589 F.2d at 79; *United States ex rel. Petillo v. New Jersey*, 562 F.2d 903, 906 (3d Cir.1977).

In this case, the record clearly shows, and petitioner does not gainsay, that petitioner was accorded a full hearing on his motion to suppress.  The Commonwealth presented its witnesses, and so did the petitioner.  That the motion judge - consistent with his obligation to weigh the credibility and reliability of the witnesses and evidence - credited the Commonwealth's witnesses over those presented by the petitioner does not render those proceedings unfair. *Sanna*, *supra*.  The motion judge addressed the issues presented, and entered written findings of fact and conclusions of law denying that motion.[5]  Moreover, it is clear that petitioner received a fair and deliberative review

---

[5]    Those findings of fact and conclusions of law are not included in the record before this court, but the fact that the motion judge entered those written findings of fact and conclusions of law - not otherwise disputed by the petitioner - is reflected in the Docket Sheet, Page 4 (dated April 16, 1997), included within the Supplemental Answer (# 12) before this court.

of the denial of the motion to suppress when he sought review before the

Massachusetts Appeals Court.  That court addressed the merits of his case and his

points directly.[6]  The long and short of petitioner's contention on this score is that he

believes that the motion judge and the Massachusetts Appeals Court should have

reached a different result.  That, however, does not equate to the denial of an

---

[6]        In addressing the claims raised, the Massachusetts Appeals Court observed, *inter alia* (*Commonwealth v. Filbert*, 51 Mass.App.Ct. 1112, 748 N.E.2d 1056 (Mass.App.Ct. 2001):

> In this appeal, the defendant claims error in the denial of his motion to suppress. The defendant asserts that the affidavit in support of the search warrant was insufficient to support probable cause because the police relied upon testimony of "various neighbors" and because there was no nexus between his apartment and the sale of cocaine.] We agree with the Commonwealth that the reliability and veracity tests required by *Spinelli v. United States*, 393 U.S. 410, 414-15 (1969), and *Aguilar v. Texas*, 378 U.S. 108, 114 (1964), were met, and that there was sufficient information to support probable cause and a nexus between the defendant's apartment and the sale of cocaine. *Commonwealth v. Wilson*, 427 Mass. 336, 342 (1998). See Commonwealth's brief at pp. 17-21,

> Here, the affidavit indicates that a named informant had purchased cocaine from the defendant on several occasions, had been present when he sold it to others, and could identify the building in front of which the transactions took place. After placing his order, the informant would wait in the bus stop in front of the building, and the defendant would come out of the building with the amount of cocaine ordered on his person. The informant placed an order for an ounce of cocaine, accompanied police to the location, and identified the building as 5050 Washington Street. Police officers observed the defendant go into the premises and then return, beckoning to the informant to alight from the unmarked vehicle in which he was sitting with police. The defendant was then arrested after attempting to flee; two bags of cocaine, believed to be approximately one ounce, were found on his person. The statements of the various neighbors were consistent with each other and corroborated the testimony of the named informant. There was no error. (Footnotes omitted).

And that Court further observed in footnotes appended to the text above:

> The defendant also claims that the evidence must be suppressed because the police searched his apartment before obtaining a warrant as evidenced by the fact that some drawers were pulled out and clothing was on the floor. The motion judge did not credit testimony of the defendant's girlfriend's mother that there had been an unlawful search. The judge credited the testimony of the police, that they conducted a protective sweep of the apartment to determine whether it was vacant, and that once they had conducted the sweep, they waited inside the apartment because there were not enough officers available to secure the apartment from the outside.

> The only information that came solely from the "various neighbors" was that the defendant lived with his girlfriend in the apartment. The officers found the building based upon the statements of the named informant, the building address was listed on the defendant's registration, and the key obtained from the defendant fit apartment number 327.

<u>opportunity</u> for a full and fair hearing on his Fourth Amendment claims. *Sanna*, *supra*.

Petitioner fares no better with his second parry - *i.e.*, that his counsel was ineffective in his presentation at the motion to suppress.  To be sure, the holding in, and rationale of, *Stone v. Powell*, *supra*, does not preclude habeas review of the effectiveness of counsel *vel non* at a suppression hearing. *E.g.*, *Kimmelman v. Morrison*, 477 U.S. 365, 382-83, 106 S.Ct. 2574, 2587-88, 91 L.Ed.2d 305 (1986); *Sweet v. Delo*, 125 F.3d 1144, 1150 n. 6 (8th Cir. 1997).  But that is beside the point insofar as it pertains to Ground <u>One</u> of the amended petition for a writ of habeas corpus.  Ground One asserts a pure Fourth Amendment claim, nothing more, and nothing less.  It says nothing about a denial of effective assistance of counsel.  Although that latter claim, cast in Sixth Amendment jurisprudence, might, in a properly presented petition, be raised as a grounds for relief, it is not set forth in the amended petition before this court.[7]  Count One must accordingly be dismissed for failure to state a claim upon which relief may be granted under the holding in *Stone v. Powell*, *supra*.

3.    <u>Ground Three</u>

As indicated above, after his first motion for a new trial was denied, and appellate review of that denial proved fruitless, petitioner then filed a second motion for a new trial.  That second motion for a new trial was denied on the grounds set forth under Rule 30(c) of the Massachusetts Rules of Criminal Procedure[8] - *i.e.*, that the

---

[7]    Nor could it be.  Insofar as this court can discern, petitioner never presented a claim before any state court, much less the highest state courts, claiming a violation of his Sixth Amendment right to assistance of counsel for reasons relating to the conduct of the motion to suppress hearing.

[8]    That Rule provides, in pertinent part:

(continued...)

claims set forth in the second motion for a new trial could have been raised in the first motion for a new trial, but were not.  In his appeal, by and through counsel, to the Massachusetts Appeals Court from that denial, petitioner contended that the trial judge, as a matter of state law,[9] abused his discretion under Rule 30(c) in applying the waiver rule embodied therein.  That same claim is made here.

In the circumstances, it is clear, and petitioner seemingly does not claim

---

[8]        (...continued)
**Rule 30. Post Conviction Relief**

(a) *Unlawful Restraint*. Any person who is imprisoned or whose liberty is restrained pursuant to a criminal conviction may at any time, as of right, file a written motion requesting the trial judge to release him or her or to correct the sentence then being served upon the ground that the confinement or restraint was imposed in violation of the Constitution or laws of the United States or of the Commonwealth of Massachusetts.

(b) *New Trial*. The trial judge upon motion in writing may grant a new trial at any time if it appears that justice may not have been done. Upon the motion the trial judge shall make such findings of fact as are necessary to resolve the defendant's allegations of error of law.

(c) Post Conviction Procedure.

(1) *Service and Notice*. The moving party shall serve the office of the prosecutor who represented the Commonwealth in the trial court with a copy of any motion filed under this rule.

(2) *Waiver*. All grounds for relief claimed by a defendant under subdivisions (a) and (b) of this rule shall be raised by the defendant in the original or amended motion. Any grounds not so raised are waived unless the judge in the **exercise of discretion** permits them to be raised in a subsequent motion, or unless such grounds could not reasonably have been raised in the original or amended motion. (Emphasis added).

[9]        It is clear beyond peradventure that that claim was raised as a matter of state law.  In his opening argument on that matter before the Massachusetts Appeals Court, counsel for petitioner allowed (Supplemental Answer (# 13, Brief and Record Appendix for the Appellant, p. 14)):

*Commonwealth v. Licata*, 412 Mass. 654 (1989), sets forth the standard of review governing the failure to allow an evidentiary hearing on a Motion for a New Trial.  This standard of abuse of discretion was clearly met in the instant matter.

The entire argument thereafter focused on the trial judge's discretion under Rule 30(c).  To be sure, the argument was sprinkled here and there with references to federal constitutional principles, but those references related to matters which petitioner attempted to raise in his second motion for a new trial - not to the discretion accorded to a trial judge under Rule 30(c).  Indeed, no suggestion has ever been made, and one could hardly be made, *see e.g.*, 28 U.S.C. § 2244(b)(2)(relating to successive Section 2254 cases), that the United States Constitution mandates that a prisoner be permitted to file more than one post-conviction petition.

otherwise,[10] that Ground Three presents only a question of state law.  And it is likewise settled that errors of state law do not provide a basis for issuance of the Great Writ under Section 2254. *E.g.*, *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991);[11] *Sanna v. DiPaolo*, 265 F.3d 1, 11-12 (1st Cir. 2001).[12]  For these reasons, Ground Three must be dismissed as well.

4.    Conclusion

---

[10]     Respondent's motion to dismiss seeks dismissal of both Ground One and Ground Three.  In his Petitioner's Memorandum in Support of Motion for Order to Deny Motion to Dismiss (# 28), petitioner devotes some twenty pages responding to respondent's position *vis a vis* Ground One, but says nothing whatsoever with respect to respondent's position as to Ground Three.

[11]     The *Estelle* court observed (Id.):

We have stated many times that "federal habeas corpus relief does not lie for errors of state law." *Lewis v. Jeffers*, 497 U.S. 764, 780, 110 S.Ct. 3092, 3102, 111 L.Ed.2d 606 (1990); *see also Pulley v. Harris*, 465 U.S. 37, 41, 104 S.Ct. 871, 874-75, 79 L.Ed.2d 29 (1984).   Today, we reemphasize that it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions.   In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States.  28 U.S.C. § 2241;  *Rose v. Hodges*, 423 U.S. 19, 21, 96 S.Ct. 175, 177, 46 L.Ed.2d 162 (1975) (*per curiam*).

[12]     There our Circuit court observed in *Sanna* (Id.):

Federal habeas relief cannot be granted merely because a state court errs in its application of state law.   *E.g.*, *Puleio v. Vose*, 830 F.2d 1197, 1204 (1st Cir.1987).   But a state law or practice that betrays a fundamental principle of justice offends the Due Process Clause. *Cooper v. Oklahoma*, 517 U.S. 348, 363-65, 116 S.Ct. 1373, 134 L.Ed.2d 498 (1996);  *Patterson v. New York*, 432 U.S. 197, 201-02, 97 S.Ct. 2319, 53 L.Ed.2d 281 (1977).

*    *    *    *    *

This is not to say that every error of state law can be transmogrified by artful argumentation into a constitutional violation.   The Supreme Court has invoked the *Chambers* tenet only rarely, e.g., Crane v. Kentucky, 476 U.S. 683, 690-91, 106 S.Ct. 2142, 90 L.Ed.2d 636 (1986) (considering the irrational exclusion, on state-law grounds, of highly relevant evidence critical to the defense), and its use is to be reserved for extreme cases, *see Fortini v. Murphy*, 257 F.3d 39, 45-46 (1st Cir.2001).

The defendant in *Montana v. Egelhoff*, 518 U.S. 37, 116 S.Ct. 2013, 135 L.Ed.2d 361 (1996), made such an assertion, maintaining that a Montana statute which prohibited the consideration of proof of voluntary intoxication in assessing mens rea deprived criminal defendants of due process.   The Court rejected his assertion.  *See id.* at 56, 116 S.Ct. 2013 (plurality op.). Despite the fact that the Court was splintered, five Justices agreed that the right to have a jury weigh intoxication evidence in relation to criminal responsibility is not a fundamental principle of justice.  *Id.* at 48, 116 S.Ct. 2013. (Emphasis added).

For the reasons set forth above, this court recommends[13] that the district judge to whom this case is assigned allow Respondent's Motion to Dismiss in Part for Failure to State a Claim upon which Relief can be Granted (# 24).[14]

_____
UNITED STATES MAGISTRATE JUDGE

---

[13]     The parties are hereby advised that under the provisions of Rule 72(b) of the Federal Rules of Civil Procedure and Rule 2(b) of the Rules for United States Magistrate Judges in the United States District Court for the District of Massachusetts, any party who objects to these proposed findings and recommendations must file specific and  written objections thereto with the Clerk of this Court within 10 days of the party's receipt of this Report and Recommendation. The written objections must specifically identify the portion of the proposed findings, recommendations, or report to which objection is made and the basis for such objections. The parties are further advised that the United States Court of Appeals for this Circuit has repeatedly indicated that failure to comply with this rule shall preclude further appellate review. *See Keating* v. *Secretary of Health and Human Services*, 848 F.2d 271 (1st Cir. 1988); *United States* v. *Emiliano Valencia-Copete*, 792 F.2d 4 (1st Cir. 1986); *Park Motor Mart, Inc.* v. *Ford Motor Co.*, 616 F.2d 603 (1st Cir. 1980); *United States* v. *Vega*, 678 F.2d 376, 378-379 (1st Cir. 1982); *Scott* v. *Schweiker*, 702 F.2d 13, 14 (1st Cir. 1983); *see also*, *Thomas* v. *Arn*, 474 U.S. 140, 106 S.Ct. 466 (1985).

[14]     Allowance of the motion to dismiss leaves Grounds Two and Four of the petition outstanding. This court has entered a merits briefing procedural order with respect to those remaining claims contemporaneously herewith.