UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FILED
IN CLERKS OFFICE

CIVIL ACTION 2005 FEB -1 P 2: 37
No. 04-10316-JLT
U.S. DISTRICT COURT
DISTRICT OF MASS.

FILBERT NELSON,        )
        Petitioner,    )
                       )
        v.             )
                       )
LUIS SPENCER,          )
        Respondent.    )

PETITIONERS WRITTEN OBJECTIONS TO MAGISTRATES REPORT
AND RECOMMENDATION TO DISMISS GROUNDS ONE AND THREE
OF PETITIONERS WRIT OF HABEAS CORPUS

Now comes the petitioner Filbert Nelson, acting pro-se

in the above-entitled matter, and hereby submits his written

objections to Magistrates Judge's Report and Recommendation

in dismissing grounds One and Three of his petition for

Writ of Habeas Corpus.

PROCEDURAL HISTORY

The petitioner incorporates and realleges fully Justice

Cohens M.J. Procedural History as accurate and factual as

fully set herein.

ARGUMENT

GROUND ONE:

In ground one of his amended petition, petitioner

contends that the trial court improperly denied his motion

to suppress certain evidence seized upon his arrest, and

-2-

without probable cause.  The petitioner contends that the evidence was seized without a warrant and subsequently pursuant to a search warrant that was invalid and forged by Boston Police Detectives.  The evidence seized was on the 17th and 18th, of June 1996, allegedly under warrant number 96-06-SW-087.  The warrant was also alleged to be issued on June 6, 1996  in a prior case by the same officers.  The affidavit for June 18, 1996, was based on an unconfirmed statement of an alleged informant information that has not been substantiated.

The first search warrant for June 18, 1996, did not have a warrant number, (Exhibit A).  The police used the same warrant number from the June 6, 1996 warrant (Exhibit C)  on the June 18, 1996 warrant (Exhibit B).  None of the warrants in the June 18, 1996 were witnessed (Exhibits A-B. The warrant was executed at the petitioners girlfriend's Apartment 327, 5050 Washington Street West Roxbury, after petitioner was arrested outside that building.

The search warrant issued on June 6, 1996  (Ex C), was executed by the same officers to searched (Federico Burgos) vehicle stored at the (Drug Control Unit Garage Bay) at 3345 Washington Street Jamaica Plain.  Both cases are not related.  See exhibits A-B and C search warrants and affidavits attached hereto.

-3-

Petitioner apparently states that (1) the trial judge erred in reaching the conclusion that the search was lawful; and (2) that he received ineffective assistance of counsel during trial and during the motion to suppress, that falls far short of a showing that the petitioner was deprived of a full and fair hearing on his motion to suppress. The Court supports its decision in Stone v. Powell, 428 U.S. 465 (1976), and its progeny, all of which categorically hold claim that evidence was seized and used in violation of the Fourth Amendment cannot be raised in a section 2254 proceeding. However, this is not always the case. A Fourth Amendment claim can be raised in a section 2254 proceeding if the petitioner was denied a full and fair opportunity to litigate his claims; or if its procedural in nature in which the alleged search warrant was obtained and executed, not what was found; and if the petitioner was denied the right to effective assistance of counsel. See People v. Pope, 23 Cal.3d 412 (   ), (when the record on appeal of a criminal conviction does not illuminate the basis for the acts or omissions of defense counsel, claimed by the defendant to constitute inadequate assistance of counsel claim of ineffective assistance is more appropriately made in a petition for Habeas Corpus...); Price v. Johnson, 334 U.S. 266 (1948)(whether applicant for writ of Habeas Corpus on ground that government had knowingly used false testimony

-4-

to obtain a conviction, had acquired any new or additional information since the trial is a matter on which applicant was entitled to be heard in the first instance by the District Court).

The primary purpose of Habeas Corpus proceeding is to make certain that petitioner is not unjustly imprisoned and if for some justifiable reason he was previously unable to assert his rights or was unaware of the significance of relevant facts it is neither necessary nor reasonable to deny him all opportunity of obtaining judicial relief.

Moreover the burden is not on the petitioner of affirmatively alleging in the first instance that the informant was reliable or acquired the knowledge that the informant used or knowingly used false testimony or statements to police. See cf. Holiday v. Johnson, 313 U.S. 342; Pyle v. Kansas, Supra, 317 U.S. at page 216; Tomkins v. Missouri, 325 U.S. 485; and Rice v. Olson, 324 U.S. 786, 791, 792. There was error in the application of the search warrant(s) and the  search of Mr. Nelson's girlfriend home prior to the application to obtain the search warrant(s).

In Stone v. Powell, 428 U.S. 465 (1976), the Supreme Court held that one important federal common law or "prophylactic" rule-the fourth amendment exclusionary rule-does not qualify under either of these rubrics and according-ly is not reviewable in habeas corpus cases unless its violation is compounded by the state's denial of the

-5-

petitioner of the opportunity for a "full and fair consideration" of the violation in the state court. Id. at 486 (prophylactic right created by Mapp v. Ohio, 367 U.S. 643 (1961), to exclude illegally seized evidence at trial is not enforceable in habeas corpus if state provides full and fair remedy for Fourth Amendment Exclusionary Rule violations). As in this case now before this court the state failed to give the petitioner a full and fair consideration to the validity of the search warrants in question. The fact that the petitioner was denied his request for an evidentiary hearing to raise the search warrant issue and Fourth Amendment Claim. Petitioner does not argue the evidence seized but the procedure in which the search warrant(s) were obtained.

Although a federal habeas corpus court may inquiry into the adequacy and fairness of available state court procedures for the adjudication of Fourth Amendment claims, its inquiry ordinarily ends upon a determination that those procedures pass muster. See Pignone v. Sands, 589 F.2d 76, 79 (1st.Cir. 1978). Due to the ineffectiveness of counsel's failure to challenge the procedural aspect of the search warrants. The petitioner was not afforded a full and fair opportunity to litigate means that the state has made available to defendant. The petitioner objects to the magistrates decision and recommendation in dismissing ground

-6-

one of his habeas corpus petition.

ARGUMENT

GROUND THREE:

After petitioners first motion for a new trial was
denied, a second motion for a new trial was filed by the
petitioner.  That motion was denied under Rule 30(c) of the
Massachusetts Rules of Criminal Procedure.  The issue of
this ground was not raised in the first motion for a new
trial.  That is why it was raised in his second motion for
a new trial.  In his appeal through counsel to the State
Appeals Court, petitioner contended that the trial judge as
a matter of law, abused his discretion under Rule 30(c) in
applying the waiver rule embodied therein.

In such proceeding, there is an opportunity in an
evidentiary hearing to have trial counsel fully describe his
or her reasons for acting or failing to act in the manner
complained of.  People v. Corona, 80 Cal.App.3d 684, 147
Cal.Rptr. 894 (1st.Dist. 1978).  Appellate counsel did
briefly raise the issue on appeal, of the judges decision to
deny the petitioners motion for a new trial without a
hearing, citing Commonwealth v. Lacata, 412 Mass. 654
(1989).  This case sets forth the standard of review
governing the failure to allow an evidentiary hearing on a

-7-

motion for a new trial.

Therefore, it is the sole discretion of the hearing judge to determine whether an evidentiary hearing is mandated. Petitioner contends that due to this judge's discretion, he should have allowed for an evidentiary hearing which would have provide the petitioner to a full and fair opportunity to litigate his Fourth Amendment claims as well as the denial of his motion for a new trial. Because federal habeas corpus relief does not lie for error of state law. Lewis v. Jeffers, 497 U.S. 764, 780 (1980). Habeas Corpus review is limited to deciding whether a convection violated the constitution, laws or treaties of the United State, 28 U.S.C. § 2241. Therefore, the petitioner only relies on the facts stated in ground three of his habeas corpus petition.

## CONCLUSION

For all the reasons set forth above, and that stated in the petitioners opposition motion to respondents motion to dismiss. The petitioner objects to the Magistrate Cohen's Report and Recommendation to dismiss ground one and three of his petition for Writ of Habeas Corpus and preserves his rights for appeal on the above grounds mentioned.

-8-

                                        Respectfully Submitted,
                                        By The Petitioner,


Dated: February 4, 2005.

                                        Filbert Nelson, pro-se
                                        MCI-Norfolk
                                        P.O. Box 43
                                        Norfolk, MA 02056

CERTIFICATE OF SERVICE

I, Filbert Nelson, hereby certify under the pains and penalties of perjury that a true copy of my written objections to Magistrate Judge Cohen's Report and Recommendation has been served upon the Respondent and/or his attorney of record Ms. Susanne Reardon, Assistant Attorney General, Criminal Bureau, by mailing same postage prepaid first class mail to her address located at the Office of The Attorney General, One Ashburton Place, Boston, Mass on this _4th_ day of February, 2005.

Filbert Nelson, pro-se

**E X H I B I T S  A–B**

**E X H I B I T S  A–B**

# SEARCH WARRANT

G.L. c. 276, §§ 1-7

**TRIAL COURT OF MASSACHUSETTS**

West Roxbury _____ COURT DEPARTMENT

Criminal _____ DIVISION

SEARCH WARRANT DOCKET NUMBER

## TO THE SHERIFFS OF OUR SEVERAL COUNTIES OR THEIR DEPUTIES, ANY STATE POLICE OFFICER, OR ANY CONSTABLE OR POLICE OFFICER OF ANY CITY OR TOWN, WITHIN OUR COMMONWEALTH.

Proof by affidavit, which is hereby incorporated by reference, has been made this day and I find that there is **PROBABLE CAUSE** to believe that the property described below:

- [ ] has been stolen, embezzled, or obtained by false pretenses.
- [XX] is intended for use or has been used as the means of committing a crime.
- [XX] has been concealed to prevent a crime from being discovered.
- [XXX] is unlawfully possessed or concealed for an unlawful purpose.
- [XX] is evidence of a crime or is evidence of criminal activity.
- [ ] other (specify) _____

**YOU ARE THEREFORE COMMANDED** within a reasonable time and in no event later than seven days from the issuance of this search warrant to search for the following property: COCAINE a controlled substance (Class "B") as defined by the General Laws of the Commonwealth of Massachusetts in chapter 94c. A derivitive of the Cocoa leaf. Paraphernalia used in the cutting, bagging, and distribution of COCAINE. Notes, records, ledgers denoting sales of COCAINE. Personal papers/effects demonstrating occupancy or control of Apt. 327 at 5050 Washington Street in West Roxbury. Monies derived from the sale of COCAINE. Any and all other illegal controlled substances which may be situated in the Ap of COCAINE. Any and all other illegal controlled substances which may be situated in the Ap numbered 327 on the third floor rear of the brown ediface numbered 5050 Washington Street in West Roxbury.

- [XX] at: Apartment 327 at 5050 WASHING Street; West Roxbury. West Roxbury is a section of the city of Boston. Apartment 327 is situated in the rear of the building; which is a four story brown brick multi unit ediface. Also a 1985 Caddilac coupe; Eldorado, bearing Mass. Registration 847 CYH. This vehicle is parked on the odd side of Washington Street directly opposite #5050 Washington Street,

which is occupied by and/or in the possession of: Mr. Filbert G. "Juicy" NELSON. Mr. Nelson is a male of West Indian decent. Approx. 5'8", 160lbs, DOB 10/22/50. And Ms. Maggie BROWN. Ms. BROWN is a Black female. approx. 34 yrs. Both subjects reside at 5050 Washington St. A-

- [XX] on the person or in the possession of: Mr. Filbert G. "Juicy" NELSON and Ms. Maggie BROWN.

**EXHIBIT A**

You [X] are [ ] are not also authorized to conduct the search at any time during the night.

You [ ] are [X] are not also authorized to enter the premises without announcement.

You [X] are [ ] are not also commanded to search any person present who may be found to have such property in his or her possession or under his or her control or to whom such property may have been delivered.

**YOU ARE FURTHER COMMANDED** if you find such property or any part thereof, to bring it, and when appropriate, the persons in whose possession it is found before the _West Roxbury_ _____ Court Department. Criminal _____ Division of the _West Roxbury_ _____

| | |
|---|---|
| DATE ISSUED 6/18/96 | SIGNATURE OF JUSTICE, CLERK-MAGISTRATE OR ASSISTANT CLERK X _____ |
| FIRST OR ADMINISTRATIVE JUSTICE | PRINTED NAME OF JUSTICE, CLERK-MAGISTRATE OR ASSISTANT CLERK Martha B. Sosman |
| WITNESS: | |

# RETURN OF OFFICER SERVING SEARCH WARRANT

*A search warrant must be executed as soon as reasonably possible after its issuance, and in any case may not be validly executed more than 7 days after its issuance. The executing officer must file his or her return with the court named in the warrant within 7 days after the warrant is issued. G.L. c. 276, §3A.*

This search warrant was issued on _____ June 18th, 1996 _____, 1996____, and I have executed it as follows:
                                              DATE

The following is an inventory of the property taken pursuant to this search warrant:

1.  Nine (09) Plastic bags of an off white powder believed to be COCAINE. (Excess of 200 gram

2.  Seventy Thousand and Six Hundred and Twenty Seven Dollars U.S.C. ($70,627)

3.  One .25 calibre semiauto pistol (Sundance Ind."Boa") containing 07 live rounds.Ser#018129

4.  Drug Distribution parapernalia.

5.  Drug Ledgers

6.  One motorola portable phone

7.  Personal papers and effects in the name of Filbert G. "JUICY" NELSON.

8.  Personal papers and effects in the name of Maggie D. BROWN.

9.  House and motor vehicle keys

10. Scanner

11. Five .38 calibre live rounds.

12.

13.

14.

15.

16.

17.

18.

19.

20.

(attach additional pages as necessary)

This inventory was made in the presence of: Detective Robert Pieroway, Police Officers Paul McLaughli and Timothy Gaughan.

I swear that this inventory is a true and detailed account of all the property taken by me on this search warrant.

| SIGNATURE OF PERSON MAKING SEARCH | DATE AND TIME OF SEARCH | SWORN AND SUBSCRIBED TO BEFORE |
|---|---|---|
| X_____ | June 18th, 1996;0130 hrs | X_____ |
| PRINTED NAME OF PERSON MAKING SEARCH | TITLE OF PERSON MAKING SEARCH | Signature of Justice, Clerk-Magistrate or Assistant Clerk |
| | | DATE SWORN AND SUBSCRIBED TO |
| Eric Van EVERSLEY | Sergeant/Detective;B.P.D. | June 18th, 1996. |

# SEARCH WARRANT

G.L. c. 276, §§ 1-7

TRIAL COURT OF MASSACHUSETTS

West Roxbury _____ COURT DEPARTMENT

Criminal _____ DIVISION

SEARCH WARRANT DOCKET NUMBER

96-06-SW-087

## TO THE SHERIFFS OF OUR SEVERAL COUNTIES OR THEIR DEPUTIES, ANY STATE POLICE OFFICER, OR ANY CONSTABLE OR POLICE OFFICER OF ANY CITY OR TOWN, WITHIN OUR COMMONWEALTH:

Proof by affidavit, which is hereby incorporated by reference, has been made this day and I find that there is **PROBABLE CAUSE** to believe that the property described below:

[  ] has been stolen, embezzled, or obtained by false pretenses.
[XX] is intended for use or has been used as the means of committing a crime.
[XX] has been concealed to prevent a crime from being discovered.
[XXX] is unlawfully possessed or concealed for an unlawful purpose.
[XX] is evidence of a crime or is evidence of criminal activity.
[  ] other (specify) .............

**YOU ARE THEREFORE COMMANDED** within a reasonable time and in no event later than seven days from the issuance of this search warrant to search for the following property: COCAINE. A controlled substance (Class "B") as defined by the General Laws of the Commonwealth of Massachusetts in chapter 94c. A derivitive of the Cocoa leaf. Paraphernalia used in the cutting, bagging, and distribution of COCAINE. Notes, records, ledgers denoting sales of COCAINE. Personal papers/effects demonstrating occupancy or control of Apt. 327 at 5050 Washington Street in West Roxbury. Monies derived from the sale of COCAINE. Any and all other illegal controlled substances which may be situated in the Apt. numbered 327 on the third floor rear of the brown edifiace numbered 5050 Washington Street in West Roxbury.

[XX] at:                                              Apartment 327 at 5050 WASHINGTON Street; West Roxbury. West Roxbury is a section of the city of Boston. Apartment 327 is situated in the rear of the building; which is a four story brown brick multi unit edifiace. Also a 1985 Caddilac coupe; Eldorado, bearing Mass. Registration 847 CYH. This vehicle is parked on the odd side of Washington Street directly opposite #5050 Washington Street,

which is occupied by and/or in the possession of: Mr. Filbert G. "Juicy" NELSON. Mr. Nelson is a male of West Indian decent. Approx. 5'8", 160lbs, DOB 10/22/50. And Ms. Maggie BROWN. Ms. BROWN is a Black female, approx. 34 yrs. Both subjects reside at 5050 Washington St.A-327.
[XX] on the person or in the possession of:
Mr. Filbert G. "Juicy" NELSON and Ms. Maggie BROWN.

You [✓] are [  ] are not  also authorized to conduct the search at any time during the night.

You [  ] are [✓] are not  also authorized to enter the premises without announcement.

You [✓] are [  ] are not  also commanded to search any person present who may be found to have such property in his or her possession or under his or her control or to whom such property may have been delivered.

**YOU ARE FURTHER COMMANDED** if you find such property or any part thereof, to bring it, and when appropriate, the persons in whose possession it is found before the Criminal _____ Division of the West Roxbury _____ Court Department.

> EXHIBIT
> B

DATE ISSUED
6/18/96

FIRST OR ADMINISTRATIVE JUSTICE
WITNESS:

SIGNATURE OF JUSTICE CLERK MAGISTRATE OR ASSISTANT CLERK
X _Wm B. Sos_

PRINTED NAME OF JUSTICE CLERK MAGISTRATE OR ASSISTANT CLERK
Martha B. Sosman
Justice of the Superior Court

# RETURN OF OFFICER SERVING SEARCH WARRANT

*A search warrant must be executed as soon as reasonably possible after its issuance, and in any case may not be validly executed more than 7 days after its issuance. The executing officer must file his or her return with the court named in the warrant within 7 days after the warrant is issued. G.L. c 276, §3A.*

This search warrant was issued on    **June 18th, 1996**  , 19**96**  , and I have executed it as follows:

DATE

The following is an inventory of the property taken pursuant to this search warrant:

1.  Nine (09) Plastic bags of an off white powder believed to be COCAINE. (Excess of 200 grams

2.  Seventy Thousand and Six Hundred and Twenty Seven Dollars U.S.C. ($70,627)

3.  One .25 calibre semiauto pistol (Sundance Ind."Boa") containing 07 live rounds.Ser#018129

4.  Drug Distribution parapernalia.

5.  Drug Ledgers

6.  One motorola portable phone

7.  Personal papers and effects in the name of Filbert G. "JUICY" NELSON.

8.  Personal papers and effects in the name of Maggie D. BROWN.

9.  House and motor vehicle keys

10.  Scanner

11.  Five .38 calibre live rounds.

12.

13.

14.

15.

16.

17.

18.

19.

20.

*(use additional pages as necessary)*

This inventory was made in the presence of: Detective Robert Pieroway, Police Officers Paul McLaughlin and Timothy Gaughan.

I swear that this inventory is a true and detailed account of all the property taken by me on this search warrant.

| SIGNATURE OF OFFICER MAKING SEARCH | DATE AND TIME OF SEARCH | SWORN AND SUBSCRIBED TO BEFORE |
|---|---|---|
| X *Eric Van Eversley* | June 18th, 1996;0130 hrs | X *Michael F. McMahon* |
| PRINTED NAME OF PERSON MAKING SEARCH | TITLE OF PERSON MAKING SEARCH | DATE SIGNED AND SUBSCRIBED TO |
| Eric Van EVERSLEY | Sergeant/Detective;B.P.D. | June 18th, 1996. @ 5:30 Pm |

IN SUPPORT OF APPLICATION FOR SEARCH WARRANT

I; Eric Van EVERSLEY am a Sergeant Detective on the Boston Police Department. I have been a Boston Police Officer since November 1977. I am currently assigned to the Drug Control Unit. I have been so assigned since 1986. During the course of the past ten years I have effected the arrest of hundreds of persons for violations of the controlled substance laws of the Commonw I have been the affiant in over fifty search warrants, and have supervised the execution of many more. I am a holder of a Bachelor of Science degree in Criminal Justice from Northeastern Univer I have attended and successfully completed the Basic police academy for the City of Boston and fo the city of New York (I was a NYC police officer for 1½ years). I have attended and successfully completed advanced training sessions relative to the interdiction of narcotics taught by the Mass State Police, the Federal Drug Enforcement Administration and my own City of Boston Police Dept. I have been adjudicated an expert witness relative to the sale and distribution of narcotics in t Suffolk Superior Court,and the Roxbury, West Roxbury,Dorchester, and Boston Municipal District Ct

On Monday June the 17th, 1996 at approximately 1800 hours I recieved a radio communicat from Det. Robert Kenny of the Boston Police Dept. As a result of that communication I placed a phone call to the Needham Police Department where I spoke to Detective Joseph O'Brien. Det. O'Bri stated that he was attached to the Norfolk County Drug Task Force, and that they had just placed an individual under arrest who stated that he could assist the Boston Police with the apprehensio of a drug trafficker in the West Roxbury section of Boston. I made arrangements to meet with the Detective on the Boston/Dedham line. (The Dedham Mall). At approx. 1820 hours Det. Robert Pierowa Police Officer Timothy Gaughan and myself arrived at the Dedham Mall. (Pieroway and Gaughan are Boston Police Officers attached to the Drug Control Unit). Upon arrival at the mall I met Det. O'Brien and other members of the Norfolk County Drug Task Force The ranking officer from the Tasl Force who was present was Detective Lieutenant Terrence M. Cunningham of the Wellesley Police Dej Also present; under arrest for drug violations was an individual later identified to me as one TONY McCLENDON. Mr. McClendon was sitting inside a Town of Wellesley undercover police vehicle. Also in the vehicle was Wellesley Detective Lamar Hughes. I approached Mr. McClendon. He told me that he could make a phone call and an individual known to him as "JUICY" would delieveer COCAINE to him. Mr. McClendon stated that he had purchased COCAINE, or been present when other persons had purchased COCAINE from "JUICY" on several occasions. Mr. McClendon stated that he did not know the address where "JUICY" lived, but that he knew the building when he saw it. He also stat that "JUICY" drove a blue Eldorado style caddilac. Mr. McClendon stated that after he placed an order with "JUICY" that "JUICY" w ould meet him on the street and the transaction would be consu Mr. McClendon stated that it was his practice to park his motor vehicle in the public bus stop adjacent to "Juicy's" residence and that "JUICY" would come out to him with whatever amount of COCAINE that Mr. McClendon ordered. Mr. McClendon stated that he had ordered as much as fifteen ounces of COCAINE from "JUICY" at one time, and that "JUICY" had no problem filling the order; an any other order that he had placed with him. Mr. McClendon told me that he had been present when another individual sold COCAINE to an undercover member of the Norfolk County Drug Task Force. I spoke to Lieutenant Wayne Sampson of the Shrewsbury Police Department who informed me that his department had placed Mr. McClendon under arrest earlier in the day for drug violations. (Lt. Sampson is also working with the Norfolk County Task Force. It was his arrest which had an influ on Mr. McClendon's desireate assist Boston Law enforcement). . . of McClendon

I spoke with Detective O'Brien of the task force. He told me that Mr. McClendon had pla an order for one ounce of COCAINE from "JUICY" prior to my arrival. It was decided that Det. Hu and I would go with Mr. McClendon to the site of the arranged meeting with "JUICY". The plan wa to place "JUICY" under arrest if he showed up and consumated the transaction with Mr. McClendor

As Detective Hughes, Mr. McClendon and I were driving down to the location where Mr. McClendon and "JUICY" conducted their business Mr. McClendon described "JUICY" as a dark comlex male Jamaican, approx. 40ys. old, of average height and weight. I was the operator of the underco vehicle, with Mr. McClendon sitting behind me and Det. Hughes sitting alongside me. I parked the vehicle in the bus stop that Mr. McClendon pointed out to me as the one that he always parked i on his several previous transactions with "JUICY". This bus stop is close to 5050 WASHINGTON ST WEST ROXBURY. As we sat in the bus stop Mr. McClendon drew our attention to a 1989 Blue Caddila

| PRINTED NAME OF AFFIANT | SIGNED UNDER THE PENALTIES OF PERJURY |
| --- | --- |
| Eric Van EVERSLEY | X _____ |
| | Signature of Affiant |
| SWORN AND SUBSCRIBED TO BEFORE | |
| X _M. B. ____ | 6/18/96 |
| Signature of Justice, Clerk-Magistrate or Assistant Clerk | DATE |

IN SUPPORT OF APPLICATION FOR SEARCH WARRANT

Eldorado Coupe which was parked directly opposite 5050 WASHINGTON Street, West Roxbury. As we watched this vehicle (Mass Reg. 847 CYH) I observed a male Black, approx. 40yrs, old, dark complex, exit from the driver's side of the coupe. Mr. McClendon identified the male as the man he knew as JUICY", now known to me as one FILBERT G. "JUICY" NELSON. I watched "JUICY" walk across Washington St. and enter number 5050 Washington Street. Mr. McClendon stated that it was his belief that JUICY"/Mr. NELSON did not recognize the vehicle. In my presence Mr. McClendon placed a phone call to Mr. NELSON'S beeper. Mr. McClendon entered a series of numbers which he stated was his personal code to Mr. NELSON. Mr. McClendon stated that Mr. NELSON would soon come out of the building and respond to the bus stop. Mr. McClendon stated that it was Mr. NELSON's practice to have the COCAINE on his person when he come up to him for the transaction.

Within two minutes of placing the phone message on Mr. NELSON'S s beeper Mr. NELSON reappeared from the doorway of 5050 WASHINGTON Street. He came directly down to our position in the bus stop where he greeted Mr. McClendon. Mr. McClendon told Mr. NELSON that Det. Hughes and I were family members of his. Mr. NELSON directed Mr. McClendon to get out of the vehicle.

I came out of the vehicle and approached Mr. NELSON. I identified myself as a Boston Police Officer. Mr. NELSON stated; "He set me up, and then turned and attempted to flee. After a brief struggle Mr. NELSON was placed under arrest by Det. Pieroway,P.O. Gaughan and myself. Recovered from his pants pocket were two plastic baggies of a white rocklike substance which from the size, shape and texture appears to be one ounce of high grade COCAINE.

The aforementioned Blue Caddilac bearing Mass. Reg. 847 CYH is on file with the Massachusetts Registry of Motor Vehicles as belonging to one FILBERT G. NELSON of 5050 WASHIN St. West Roxbury. I had observed Mr. NELSON exit from this vehicle and enter 5050 Washington St. just prior to his being paged with the special code by Mr. McClendon. By interviewing various neighbors in and about 5050 Washington Street I was able to ascertain that Mr. NELSON lives with one black female known as MAGGIE BROWN. Ms. BROWN and Mr. NELSON live in Apartment #327 at 5050 WASHINGTON St. Mr. McClendon had stated to me that Mr. NELSON/JUICY lived with his wife and family. Neighbors stated that Ms. BROWN lived in unit 327 with her husband/companion and minor children.

From the person of Mr. NELSON Det. Pieroway recovered keys to the 1985 Blue Caddilac bearing Mass. Reg. 847 CYH and keys to the outside door of 5050 WASHINGTON Street. Det. Pieroway Police Officer Gaughan and myself responded to Apartment 327 at 5050 Washington. Street. The rapid arrival of Mr. NELSON with the ounce of ordered COCAINE, his past history of being able to supp COCAINE to Mr. McClendon with little lead time leads me to believe that his residence, Apartment 327 at 5050 Washington Street West Roxbury is being used to facilitate the distribution of COCAINE. I made the decision to "Freeze" Apartment 327 at 5050 Washington Street and to seek a search warrant for that location. With keys taken from the person of Mr. Nelson I entered Apt. 327 at 5050 Washington Street. After making sure that no persons were inside the unit I left Det. Pieroway and Police Officer Gaughan on the scene and went to prepare this affidavit.

Based on the statements of Mr. McClendon and my observations of the actions of Mr. NELSON it is my belief that COCAINE is being stored for distribution in Apartment 327 at 5050 WASHINGTON STREET West Roxbury. The seizure of COCAINE from his person shortly after leaving 505 WASHINGTON St. and his possession of keys for that apartment, plus information recieved from his neighbors gives me, in my belief, probable cause to believe that he resides/occupies Apartment 327 at 5050 Washington Street. My observations of him leaving the Caddilac with Mass. Reg. 847 CYH; which according to the Registry is the property of one FILBERT G. NELSON of 5050 Washington St. also gives weight to the probable cause of his residing at Apt. 327 of 5050 Washington Stre Mr. Nelson also has a Mass. driver's license with his picture and social security number attach which gives the address of 5050 Washington Street, West Roxbury. It has been my experience that some traffickers in COCAINE will also secret their contraband inside their vehicles. Thus I am also seeking permission to search the 1985 Caddilac bearing Mass. Reg. 847 CYH which is the property of Mr. Nelson and is parked across the street from his residence.

I respectfully request permission to execute this warrant during the night ti hours.

| | |
|---|---|
| PRINTED NAME OF AFFIANT | SIGNED UNDER THE PENALTIES OF PERJURY |
| Eric Van EVERSLEY | X _____ Signature of Affiant |

| | |
|---|---|
| SWORN AND SUBSCRIBED TO BEFORE X _____ Signature of Justice, Clerk-Magistrate or Assistant Clerk | 6/18/96 DATE |

TC-SW-1 (6/87)

**EXHIBIT C**

**EXHIBIT C**

# SEARCH WARRANT

G.L. c. 276, §§ 1-7

**TRIAL COURT OF MASSACHUSETTS**

West Roxbury _____ COURT DEPARTMENT

_____ District _____ DIVISION

SEARCH WARRANT DOCKET NUMBER

*96-06-SW-087*

## TO THE SHERIFFS OF OUR SEVERAL COUNTIES OR THEIR DEPUTIES, ANY STATE POLICE OFFICER, OR ANY CONSTABLE OR POLICE OFFICER OF ANY CITY OR TOWN, WITHIN OUR COMMONWEALTH:

Proof by affidavit, which is hereby incorporated by reference, has been made this day and I find that there is **PROBABLE CAUSE** to believe that the property described below:

- [ ] has been stolen, embezzled, or obtained by false pretenses.
- [ ] is intended for use or has been used as the means of committing a crime.
- [x] has been concealed to prevent a crime from being discovered.
- [x] is unlawfully possessed or concealed for an unlawful purpose.
- [ ] is evidence of a crime or is evidence of criminal activity.
- [ ] other *(specify)* _____

**YOU ARE THEREFORE COMMANDED** within a reasonable time and in no event later than seven days from the issuance of this search warrant to search for the following property: Heroin,Implements Used In The Cutting Bagging And Distribution Of Heroin.Monies Derived FRom The Sale Of Heroin.Books,Notes.Ledgers Denoting Drug TRansactions.Personal Ppaers and Effexts that show Ownership of A 19l83 Chev Camaro Ma.Reg.221ZWO VIN# 1G1AP87H163736

- [x] at: The interior,Trunk,Engine compartments and all containers that may contain the storage of controlled substances locat inside a 1983 Chevrolet Camaro Ma.REg.221ZWO VIN# 1g1Ap85H163736 .The Motor Vehicle is now stored at 3345 WAshington St.Jamacia PLain(Drug Control Unit Garage Bay)...

which is occupied by and/or in the possession of: _____

- [ ] on the person or in the possession of: _____

**EXHIBIT C**

You [ ] are [✓] are not also authorized to conduct the search at any time during the night.

You [ ] are [✓] are not also authorized to enter the premises without announcement.

You [✓] are [ ] are not also commanded to search any person present who may be found to have such property in his or her possession or under his or her control or to whom such property may have been delivered.

**YOU ARE FURTHER COMMANDED** if you find such property or any part thereof, to bring it, and when appropriate, the persons in whose possession it is found before the *WEST ROXBURY* Division of the *DISTRICT* _____ Court Department.

| DATE ISSUED 6-6-96 | SIGNATURE OF JUSTICE, CLERK-MAGISTRATE OR ASSISTANT CLERK X *Stephen J. D'Arcy Jr.* |
| --- | --- |
| FIRST OR ADMINISTRATIVE JUSTICE **WITNESS:** *Acting James Dolan* | PRINTED NAME OF JUSTICE, CLERK-MAGISTRATE OR ASSISTANT CLERK *STEPHEN J. DARCY JR.* |

# RETURN OF OFFICER SERVING SEARCH WARRANT

*A search warrant must be executed as soon as reasonably possible after its issuance, and in any case may not be validly executed more than 7 days after its issuance. The executing officer must file his or her return with the court named in the warrant within 7 days after the warrant is issued. G.L. c. 276, §3A.*

This search warrant was issued on _____ June 06, _____, 19 96 ____, and I have executed it as follows:

DATE

The following is an inventory of the property taken pursuant to this search warrant:

1. 25(twenty Five)glassine bags white powder recovered by Det.Pieroway hidden in console

2. personal papers recovered in the name of Federico Burgos by P.O.Gaughan

3. elastic bands recovered by Det.Pieroway wrapped around the shifter of the motor vehicle

4. two parking tickets orange in color

5.

6.

7.

8.

9.

10.

11.

12.

13.

14.

15.

16.

17.

18.

19.

20.

(attach additional pages as necessary)

This inventory was made in the presence of: Sgt/Det Eric,Eversley,Det.Pieroway ,P.O.Timothy Gaughan

I swear that this inventory is a true and detailed account of all the property taken by me
on this search warrant.

| SIGNATURE OF PERSON MAKING SEARCH | DATE AND TIME OF SEARCH | SWORN AND SUBSCRIBED TO BEFORE |
|---|---|---|
| X *Robert Pieroway* | June 06,1996 3:30P.M. | X *Stephen W Cray* |
| | | Signature of Justice, Clerk-Magistrate or Assistant Clerk |
| PRINTED NAME OF PERSON MAKING SEARCH | TITLE OF PERSON MAKING SEARCH | DATE SWORN AND SUBSCRIBED TO |
| Robert Pieroway | Boston Police Detective | 6-7-96 |



| AFFIDAVIT IN SUPPORT OF APPLICATION FOR SEARCH WARRANT | SEARCH WARRANT DOCKET NUMBER<br>96-06-SW-087 | TRIAL COURT OF MASSACHUSETTS |

I,Robert Pieroway am a Boston Police Detective assigned to the Drug Control Unit.The Date of this affidavit in support of application for a search warrant is June 06,1996.I have been a Boston Police Officer since June 09,19186.I was assigned to the Drug Control Unit in September of 1987 while still at the rank of patrolman.I received my Detective rating in December of 1988 while still attched to the Drug Control Unit.During my time as a Boston POlice Officer and now Detective I have effected the arrests of over 1000(one thousand)individuals with the majority of these hav been for violations of the Controlled Substance Act.These arrests have included arrests for TRafficking,POssession with the inetnt to Distribute,Distribution and POssession.In addition the arrests have involved Controlled Substances in Class "A","B","C","D"& Class "E" as defined in Chapter 94C of the Massachusetts General Laws.I have also been the affiant and/or particapted in the perpartion of over 150(one hundred & fifty) search warrants.I have also performed in excess of 50(fifty) undercover purchases of Controlled Substances as defined in Chapter 94C of the M.G. I have been judicially accepted as an expert and allowed to offer opinions concerning Controlled subsatnces in Suffolk Superior Court and in various District Courts in Suffolk County.I have als attended Classes and seminiars given by the Boston Police Academy,THe Boston Police Drug Contro Unit,The Bristol District Attorneys Office,THe Suffolk County District Attorneys's Office,The THe Federal Drug Enforcement Agency,The William Harris Associates ,The Massachusetts Committe on Criminal JUstice and the New England Narcotics Enforcement Agency.

    On June 05,1996 at approx.1:00P.M. Officer Timothy Gaughan and I were o routine patrol in the area of Forest Hills M.B.T.A. Train Station when we observed a white mal known to this Detective as James Youngsman D.O.B.07/17/57 of 115 Brookway Rd.Roslindale.Suspect Youngsman who is known to be a Herion user and runner(a street name used to described a person who uses controlled substances and supports thier habits by knowing where to get drugs for pers who do not know where to get it.often drug dealers with supply these runners with a free bag fo thier services) was sitting on a blue motor vechile that was parked on Washington St facing inbound with the windows down.The motor vehicle that suspect Youngsman was sitting on was known

| PRINTED NAME OF AFFIANT<br>Robert Pieroway | SIGNED UNDER THE PENALTIES OF PERJURY<br>X _Robert Pieroway_<br>Signature of Affiant |
| SWORN AND SUBSCRIBED TO BEFORE<br>X _____<br>Signature of Justice, Clerk-Magistrate or Assistant Clerk | 6-6-96<br>DATE |

**AFFIDAVIT**
**IN SUPPORT OF APPLICATION**
**FOR SEARCH WARRANT**

**TRIAL COURT OF MASSACHUSETTS**

to me to be operated and owned by a white male known as Thomas Desimone D.O.B.01/08/50.Suspect

Desimone is known to be a user of herion and has been arrested by this Detective for herion in

which he was in the same area.Officers then took a postion to make observations of suspect

Youngsman who was staring down Washington ST looking at the traffic that was coming inbound,it

appeared to me that suspect youngsman was waiting for someone to arrive in a motor vehicle

that was traveling inbound on Washington St. After five minutes I oberved suspect Youngsman get

off the car and start walking outbound on Washington St.,as he was walking Youngsman was wa vin

His right hand in the air in the direction of his body,at this time I observed suspect Thomas

Desimone walking fast in the direction of suspect Youngsman.The two individuals then entered th

blue Olds with a Ma.Reg. of 282 WFC with Desimone driving and Youngsman in the front passenger

seat.The M/V then made a U-turn and parked facing outbound on Washington St.Jamacia Plain.Withi

a minute Officer Gaughan who was out on foot observed a blue Chevy Camaro Ma.Reg 221ZWO arrive

in the area traveling inbound on Washington St. at which time Officer Gaughan observed suspect

Youngsman wa ve to the operat^R of the blue camaro who is now known to us as Federico Burgos

D.O.B. 01/20/69 of 6 Glen ST.Dorchester. At this time the blue camaro which was being driven by

suspect Burgos with no-one else ine the car slow down on Washington St. at which time the blue

OLds being driven by Desimone made another U-turn back inbound on Washington St.and then drove

in front of the blue camaro and proceded inbound on Washington St. and at the red light at

Washington St. & New Washington Sts. suspect Youngsman exited the blue olds and then entered th

front passenger seat of the blue camaro.The two motor vehicles then travel a short distance at

which time suspect Desimone slowed down and the blue camaro with suspects Youngsman and Burgos

passed
past him and then pulled into the rear  of the Rossmore Car Wash with suspect Desimone followin

Once inside the car wash suspect Desimone took a right and then stopped,suspect Burgos faced hi

Camaro straight ahead facing the wall of the rear of the car wash at this time officers made

observations of the camaro and it's occupants based upon our observations it was our opinions th

a drug transactions was occurring inside the blue camaro with a ma.Reg.of 221ZWO.Within seconds

| PRINTED NAME OF AFFIANT | SIGNED UNDER THE PENALTIES OF PERJURY |
|---|---|
| Robert Pieroway | X Robert Pieroway |
| | Signature of Affiant |
| SWORN AND SUBSCRIBED TO BEFORE | |
| X _____ | 6-6-96 |
| Signature of Justice, Clerk-Magistrate or Assistant Clerk | DATE |

**A F F I D A V I T**

**IN SUPPORT OF APPLICATION
FOR SEARCH WARRANT**

SEARCH WARRANT DOCKET NUMBER

96-06-SW-087

**TRIAL COURT OF MASSACHUSETTS**



suspect Youngsman exited the blue camaro and began to walk in the direction of suspect Desimone

motor vehicle,as suspect youngsman was leaving the blue camaro it appeared to me that he ~~had~~ HAD

something clinched in his right hand. Suspect Youngmans then entered Desimone's M/V and the M/V

took a right onto Brookley RD. and a left onto Washington ST. traveling outbound & then it took

a right onto New Washington St. & then a left onto South ST. traveling outbound onto Washington

where they took a left onto Brookstone St. into the Archdale Housing Development where suspect

Youngsman lives and which time they TURNED left into parking space ;officers then drove into Brookstone

St. which is a dead-end and parked To the rear of suspect Desimone's OLDS, at this time Suspect

Youngsman was exiting the blue Olds and upon seeing the Officers suspect Youngsman attempted to

flee on foot in the direction of Washington ST.,suspect Youngsman was apprehended on Brookstone

St.just before Washington St. Suspect Youngsman had in his right hand five glassine bags of whit

powder which appeared to be herion based upon the packaging ,color,texture& appeerence.I then

approached suspect Desimone who was still in his M/V and then took him out at which time Desimo

informed me that he had no heroin on his person.A search of Desimone revealed 10 glassine bags

of white powder that resembled the five glassine bags that suspect Youngsman had in his possess

Suspect Youngsman then stated to the Officers that You Guys are Good I never saw you Guys! Both

individuals were arrested,Youngsman for distribution and possession with the intent to distribu

and Desimone for POsßession of Class "A" heroin.While officers were waiting for transportation

both suspects asked us how they could cut a deal and set up the guy in the blue camaro suspect

Burgos.Officers declined and informed them that officers were just about to stop the blue Camar

While making observations of the two cars back on Washington ST officers ran a check with Nova-

base of the Boston Police Dept and learned that the Camaro was registered to a Federico Burgos

of Glenn St.Dorchester,Ma.(6 Glenn St Dorchester is known to this Detective to a address in whi

herion delivery cars have been registered which arrests have been made in which a M/V that was

registered to 6 Glenn St.Dorchester delivered herion to a James McGonagle on South St.Jamacia

Plain,MA).When Officers arrested suspect's Youngsman & Desimone I gave a description of the blu

| PRINTED NAME OF AFFIANT | SIGNED UNDER THE PENALTIES OF PERJURY |
|---|---|
| Robert Pieroway | X _Robert Pieroway_ |
| | Signature of Affiant |

| SWORN AND SUBSCRIBED TO BEFORE | |
|---|---|
| X _Stephen J. D'Arcy_ | 6-6-96 |
| Signature of Justice, Clerk-Magistrate or Assistant Clerk | DATE |

**AFFIDAVIT**
**IN SUPPORT OF APPLICATION**
**FOR SEARCH WARRANT**

TRIAL COURT OF MASSACHUSETTS



Camaro to the area E-5 dispatcher and asked him to send a car to the car wash on Washington &

Rossmore Rd. To arrest suspect Burgos for Distribution of Class "A"Herion.Within a minute of the

broadcast officers from area E-5 observed the blue camaro being operated by Federico Burgos just

leaving the area of the car-wash and heading on Washington St.inbound,just before the blue camaro

reached Washington & Williams Sts.Jamacia Plain the M/V was Stopped and Officer Mark Corbett

arrested suspect Burgos for Distribution of Class "A"Herion. When arrested suspect Burgos was in

possesion of two beepers and $1,088.00 U.S.Currency.The blue Camaro with a Ma.Reg.221ZWO was then

taken to the Drug Control Unit garage bay in order for the vehicle to be kept in a locked & secur

setting.

A check with the Commonweath of Massachusetts Criminal History Systems

showed that suspect Federico Burgos with a D/O/B of 1/20/69 has been arrested for Trafficking

in Class "A"herion and posestion of a firarm.It appears he was arrested in Roxbury Dist Court and

then indicted to Suffolk Superior Court where the case was dismissed.

Inaddition after being advised of his miranda rights suspect Burgos was

asked By Sgt/DEt Eversley if he knew the two white males which he replied no.I then asked him

why did he have two beepers which he replied the green was his and the black meslage center beep

was his friends.I then asked the name of his friend At which time he looked down to the ground

and say Tony!.I then asked suspect Burgos if he used herion which he replied that he did.Also

when asked his occupation suspect Burgos stated a mechanic.When arrested suspect Burgos was dres

with jean shorts,casual shirt with sneakers.No signs of any dirt or grease that would be found

on a mechanic.

On April 29,1986 officers Paul McLaughlin & I conducted a drug

investigation at 219 South ST Jamacia PLain a few hundred yards from Forest Hills Station.Offic

knew that a Linda Youngsman the sister of James Youngsman was living at 219 South St.and that sh

was selling heroin from this location.After observing this building we stopped two individuals

a Joaquim Cabral & Edwin Flores in a red Olds after what we beleived was a drug drop off to Lind

PRINTED NAME OF AFFIANT
Robert Pieroway

SIGNED UNDER THE PENALTIES OF PERJURY
X _____
Signature of Affiant

SWORN AND SUBSCRIBED TO BEFORE
X _____
Signature of Justice, Clerk-Magistrate or Assistant Clerk

6-6-9c
DATE



Youngsman.After the M/V was stopped 671 of Glassine Bags of Heroin was recovered inside the M/V which contained a secret electronic hide inside the front seat.The M/V contained this hide which operated by having the M/V in reverse,and then pressing a button that was inside the fuse box at which time the secret compartment would open.These types of hides in M/V that distribute control substances are becoming more& more common.Inaddtion the passenger Joaquim Cabral was in possessi of two beepers.It was my opinion that the reason there were two beepers in the possesion of both joaquim Cabral & Federico Burgos is that one of the beepers is used normally for personal busine and the second beeper is used to distribute the heroin.It is my opinion that both Joaquim Cabral & Federico Burgos could possible work for the same heroin delivery service.

Within one hour of seizing the black beeper which suspect Burgos stated was not his but his friend Tony there were so many numbers beeped into the beeper that there was an overflow of numbers.All the numbers contained phone numbers that had code numbers a the end of the phone numbers.This type of system is a common way in which drug delivery services conduct business.A supply of herion for these calls must be kept by the dealers inside the M/V

It is now my opinion that heroin is now being stored inside a 1983 Chev Camaro Ma.Registration of 221ZWO that is owned by Federico Burgos of 6 Glenn St.Dorchester. This is my opinion based upon that the drug transaction that occurred at the Rossmore Rd.Car Was with suspect's Youngsman & Burgos inside the blue camaro Ma.Reg 221ZWO that heroin is now bein; stored for sale inside this 1983 Chev Camaro Ma.REg.221 ZWO. I am now requesting a saerch warra for this 1983 Chev CAMARO Ma.REg 221ZWO that is presently being held inside the locked garage bay located at the DRug Control Unit at 3345 Washington ST.Jamacia Plain,Ma...

Content, Netel, Sgt Det Eric V. Curley

| PRINTED NAME OF AFFIANT | SIGNED UNDER THE PENALTIES OF PERJURY |
|---|---|
| Robert PIeroway | X _Robert Pierow_ |
| | Signature of Affiant |
| SWORN AND SUBSCRIBED TO BEFORE | |
| X _____ D'Arcy | 6-6-96 |
| Signature of Justice, Clerk Magistrate or Assistant Clerk | DATE |

PAGE __ OF __ PAGES OF THIS AFFIDAVIT

**AFFIDAVIT**
IN SUPPORT OF APPLICATION
FOR SEARCH WARRANT

TRIAL COURT OF MASSACHUSETTS

PRINTED NAME OF AFFIANT

SIGNED UNDER THE PENALTIES OF PERJURY

X_____

Signature of Affiant

SWORN AND SUBSCRIBED TO BEFORE

X_____

Signature of Justice, Clerk-Magistrate or Assistant Clerk

DATE

PAGE ___ OF ___ PAGES OF THIS AFFIDAVIT