UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION
No. 04-10316-JLT

FILBERT NELSON,        )
        Petitioner,    )
                       )
        v.             )
                       )
LUIS SPENCER,          )
        Respondent.    )


PETITIONERS MEMORANDUM OF LAW ON THE MERITS OF
GROUNDS TWO AND FOUR OF THE AMENDED PETITION
FOR WRIT OF HABEAS CORPUS

    Now comes the petitioner Filbert Nelson, acting pro-se
in the above-entitled matter, and hereby submits for
consideration his Memorandum of Law in support of Grounds
Two and Four of his petition for Writ of Habeas Corpus.

PROCEDURAL HISTORY

    On June 26, 1996, a Suffolk County superior Court,
Massachusetts Grand Jury returned indictments against the
petitioner for: Trafficking in Cocaine over 200 grams and
Illegal possession of a Firearm. At the initial trial, the
trial judge, Spurlock, J., declared a mistrial after the
jury declared themselves deadlocked. On June 10th, 1997,
following a second trial, the jury found the petitioner
guilty of both offenses, and he was sentenced to imprison-
ment for eighteen to twenty years. On June 15th, 1999

MEMORANDUM OF LAW PAGE TWO

petitioner filed a motion for a new trial.  That motion was denied without a hearing by the trial judge on August 18th, 1999.  Petitioner's direct appeal from the convictions, as well as from the order denying his motion for a new trial, was rejected on the merits by the Massachusetts Appeals Court.  Commonwealth v. Nelson, 51 Mass.App.Ct. 1112; 748 N.E.2d 1056 (2001), and an application for further appellate review was denied by the Massachusetts Supreme Judicial Court.  Commonwealth v. Nelson, 434 Mass. 1108; 757 N.E.2d 729 (2001).  On June 18, 2002, the petitioner filed a second motion for a new trial.  The trial judge denied the motion without a hearing on July 31st, 2002, finding the issues waived.  Petitioner appealed from the denial of this second motion for a new trial to the Massachusetts Appeals Court, and that court rejected his claims in an unpublished opinion pursuant to Mass.R.App.P. Rule 1:28.  Commonwealth v. Nelson, 59 Mass.App.Ct. 1112; 798 N.E.2d 586 (2003).  An application for leave to obtain further appellate review was subsequently denied.  Commonwealth v. Nelson, 441 Mass. 1102; 803 N.E. 2d 332 (2004).

## ARGUMENT

GROUND TWO

Ineffective assistance of counsel has not been waived in violation of petitioner's Fourth, Sixth and Fourteenth Amendment Rights to the United States Constitution. Contrary to the ruling of the Appeals Court and the position of the

MEMORANDUM OF LAW PAGE THREE

Commonwealth, the claim of ineffective assistance of counsel has not been waived.  The petitioner should have been entitled to present these arguments to the trial court.  Mr. Nelson had directly requested that appellate counsel raise the issue of trial counsel's abject failure to call the informant and Lieutenant Cunningham of the Wellesley Police Department to testify at trial.  Counsel's failure to raise this issue on appeal, despite Mr. Nelson's request that he do so, constitutes cause and prejudice for any resulting "procedural default" under state law.  The fact that Mr. Nelson raised the issue of ineffective assistance of Appellate counsel for the first time in his second motion for a new trial, should not preclude those issues for review.

On June 17, 1996, McClendon contacted Mr. Nelson at work approximately 9:30 a.m., and asked to retrieve a package he left in Mr. Nelson's car the night before. (Nelson's Affidavit at pg 1).  Nelson provided McClendon with directions to his girlfriends residence at 5050 Washington Street in West Roxbury. Id., at 1.  When Mr. Nelson arrived, he went into the building to check the mail and then stood outside looking for McClendon's car.  McClendon called out to Mr. Nelson from a car that was parked at the bus stop adjacent to 5050 Washington Street.  When Mr. Nelson approached the car, he was greeted by McClendon and two other individuals who McClendon introduced as his "cousins".

MEMORANDUM OF LAW PAGE FOUR

Mr. Nelson asked McClendon to exit the car and at that point one of the [cousins] got out, grabbed Mr. Nelson from behind and informed Nelson that he was under arrest for "conspiracy to violate the controlled substance laws of the Commonwealth of Massachusetts." (T. 2/51-R. 31).

Mr. Nelson was subsequently searched and McClendon's package was remove from his pants pocket, which was alleged to be cocaine. Mr. Nelson was transported to the police station for booking and while there, he saw Detective Pieroway took Nelson's keys. Mr. Nelson had a right under Miranda to make one phone call. However, Detective Pieroway informed the booking officer on duty to not allow Mr. Nelson to use the phone (Nelson's Affidavit at 8).

Using the keys taking from booking, Detective Eversley, Detective Pieroway and Officer Gaughan made a warrantless entry into Apartment 327 and conducted what they termed as a "walk through" to make sure no one was inside.

Later that evening at approximately 7:22 p.m., June 17, 1996, Wellesley Police Lieutenant Cunningham submitted his report stating: "I was notified by Sgt. Eversley on June 17, 1996, that the Boston Police had conducted a search warrant on the targets apartment." The target was identified as Filbert Nelson. As a result of the search warrant the Boston Police located and seized $71,000.00 and 200 grams of cocaine. The Boston police were also investigating several bank accounts and at least one piece of property in Milton

MEMORANDUM OF LAW PAGE FIVE

MA." This report was completed at 19:22 hours, (7:22 p.m.,) on June 17, 1996, some six hours prior to the issuance of the search warrant (R. 13-14).

At approximately 10:00—10:15 p.m., on June 17, 1996, Mr. Nelson observed Detective Pieroway at the station for a second time. Mr. Nelson spoke with Detective Pieroway and asked him "why he's not allowed to make a phone-call?" (Nelson's Affidavit at 9). Mr. Nelson watched Pieroway leaves the station with a brown paper bag similar to the one found in Apartment 327 with the drugs. Detective Pieroway's duty was to secure Apartment 327 until a warrant arrived, but claimed he went by the station to buy soda, chips and popcorn. Defense counsel did file a motion to suppress. Eversley, Cunningham, Pieroway and Gaughan were available to testify, but rather than call these officers to the stand or introduce documentation promulgated by these officers, defense counsel relied only upon the testimony of Mattie Brown in order to show that the search had conducted prior to the issuance of the warrant. The court rejected Mattie Brown's testimony as unreliable.

The court also noted that Nelson's attorney challenged additional statement made in the affidavit in support of the warrant. Although this information was crucial to the defense, counsel did not file any documents. As such, the judge at the suppression hearing held that the "oral challenge" was made in violation of Mass.R.Crim.P. Rule 13(a) (2) and deemed the issue waived.

MEMORANDUM OF LAW PAGE SIX

Despite Mr. Nelson's numerous written and oral request to appellate counsel that the brief include an argument for ineffective assistance of counsel based on counsel's failure to impeach Pieroway concerning his June 26, 1996 Grand Jury testimony relative to the alleged testing of the drugs, appellate counsel failed to include this argument in the appellate brief.  Nelson also sought to present the argument that trial counsel was ineffective for his failure to present conclusive evidence that the Boston Police Drug Depository Log Sheet indicated that all evidence discovered in the apartment was <u>docket</u> in the log a 01:00 a.m., which was prior to the issuance of the search warrant.

Despite repeated requests by Mr. Nelson, appellate counsel did not include these arguments in Nelson's brief. See (Korman's Affidavit 15-16).  Also for not calling Lieutenant Cunningham to the stand when he played a major role in Mr. Nelson's arrest.  Lieutenant Cunningham was on the Commonwealth's witness list.  Defense counsel should have had Cunningham on there witness list also.  The constitutionally protected remedy for this ineffective assistance is the allowance of a motion for a new trial. <u>Commonwealth v. Frisino</u>, 21 Mass.App.Ct. 551, 556 (1986).

In considering the issue of ineffective assistance of counsel, the question become whether the record shows that the performance of trial counsel fell "measurable below that which might be expected from an ordinary fallible lawyer,"

MEMORANDUM OF LAW PAGE SEVEN

and whether petitioner was prejudiced as a result of counsel's performance. In the instant case, Mr. Nelson has demonstrated that both trial and appellate counsel was ineffective in violation of Nelson's Six Amendment Right to the United States Constitution. Commonwealth v. Saferian, 366 Mass. 89, 96, 315 N.E.2d 878 (Mass. 1974); Commonwealth v. Urena, 417 Mass. 692, 632 N.E.2d 1200 (Mass. 1994); also Fisher v. Gibson, 282 F.3d 1283 (2002).

Under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), the district court could grant habeas relief only if it concluded that the Massachusetts Appeals Court's decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). The Supreme Court elaborated on AEDPA's standards of review in Williams v. Taylor, 529 U.S. 362, 412, 413 (2000); accord Bell v. Cone, 122 S.Ct. 1843, 1850 (2002), explaining that:

> Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the Supreme] court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts. Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonable applies that principle to the facts of the prisoner's case.

See Stephens v. Hall, 294 F.3d 210, 215 (1st. Ct. 2002); Ouber v. Guarino, 293 F.3d 19 (1st. Cir. 2002).

MEMORANDUM OF LAW PAGE EIGHT

The state Appeals Court misapplied the law when they affirmed the decision of the trial court denying Mr. Nelsons motion for a new trial.  Contrary to the ruling of the Appeals Court, the claim of ineffective assistance of counsel has not been waived.  Mr. Nelson should have been entitled to present these argument to the trial court and this forum.  Commonwealth v. Saferian, 366 Mass. 89, 315 N.E. 2d at 883 (Mass. 1974) (question of effective assistance of counsel for a criminal defendant will be viewed by an appellate court as a practical, not an abstract matter).  The Supreme Court in Evitts v. Lucey, 469 U.S. 387, 396 (1985), held that "[a] first Appeal as a matter of right... is not adjudicated in accord with due process of law, if the defendant does not have the effective assistance of counsel." The standard set forth in Strickland v. Washington, 466 U.S. 668 (1984). also applies to the effective assistance of appellate counsel.  See also Heath v. Jones, 941 F.2d 1126, 1130 (11th. Cir. 1991).

Mr. Nelson had directly requested that appellate counsel raise the issue of trial counsels abject failure to call Lieutenant Cunningham to testify at trial.  Nelson informed counsel that Cunningham would have testified that Sgt. Eversley notified him on June 17, 1996, that Apartment 327 had been searched prior to the issuance of the search warrant.

The Honorable Spurlock, J., in denying Mr. Nelson's

MEMORANDUM OF LAW PAGE NINE

motion for a new trial, stated that this claim was waived, because it was neither raised in the first motion for a new trial nor on direct appeal. To satisfy both prongs of the Strickland standard, a defendant must show that (1) counsels performance was deficient and (2) the deficiency resulted in prejudice so great as to deprive him a fair appeal. Id. at 690; Casale v. Fair, 833 F.2d 386, 391 (1st. Cir. 1987).

Concerning the application of the first prong, the court must examine what counsel "knew or should have knew, at the time his tactical choices were made and implemented." United states v. Georgacarkos, 988 F.2d 1289, 1298 (1st.Cir. 1993,); citing United States v. Natanel, 938 F.2d 302, 309 (1st. Cir. 1991). Counsels failure to raise this issue on appeal, despite Mr. Nelson's request to do so, constitue cause and prejudice for any resulting "procedural default under state law." Wainwright v. Sykes, 433 U.S. 92 (1977). In the instant case, Mr. Nelson was entitled to effective assistance of counsel on his appeal and at trial.  Evitts v. Lucey, 469 U.S. 387 (1985)(same standard applies to both trial and appellate counsel. Commonwealth v. Cardenuto, 406 Mass. 450, 548 N.E.2d 864 (Mass. 1990).

Appellate counsel, who filed both Mr. Nelson's second motion for a new trial and appeal, acknowledge in an affidavit that he failed to include an argument on direct appeal based upon the ineffective assistance of trial counsel, even though trial counsel failed to properly

MEMORANDUM OF LAW PAGE TEN

present potentially exculpatory evidence to support claims,
raised by Mr. Nelosn's warrantless arrest, unlawful search
of his person and unconstitutional warrantless entry and
search of Apartment 327. See <u>Commonwealth v. Frisino</u>, 21
Mass.App.Ct. 551, 556 (1986). Appellate counsel's ineffec-
tiveness is clearly set forth in ¶ 6-11 of his affidavit,
(R. 15-16; R. 32-35). In the instant case, appellate
counsel was apprised of the fact that Mr. Nelson after his
first trial ended in a mistrial, informed the court that
trial counsel "was not representing him to the best of his
interest" and sought a continuance to obtain new counsel,
(R. 17-21). Mr. Nelson further informed appellate counsel
that trial counsel never introduced the search warrant(s)
(R. 22-22A), and Cunningham's Report (R. 13-14) to the jury
which would have shown that the warrant was issued on June
18, 1996 after 01:30 a.m., long after Apartment 327 had
been searched.

It was reversible error for trial counsel not to have
called Lieutenant Cunningham to testify. Cunningham would
have testified regarding the statement in his report.
Specifically, that he received a call from the Commonwealth's
witness, Sgt. Eversley on June 17, 1996 and that call would
have revealed that the search of Apartment 327 occurred
prior to the issuance of the search warrant. The decision
to not call Cunningham was not a tactical decision, because
counsel deprived Mr. Nelson of a substantial ground of

MEMORANDUM OF LAW PAGE ELEVEN

defense at a critical juncture in the Commonwealth's case.
Commonwealth v. Hill, 432 Mass. 717-719, 739 N.E.2d 670,
680-681 (Mass. 2000).

During the hearing on the motion to suppress, the
Honorable Borenstein, J., stated:

> "In addition, on December 4, 1996 after an
> evidentiary hearing was held on the
> warrantless seizure and search, Nelson's
> attorney without providing notice to the
> Commonwealth or Court and without any
> accompanying written motion or affidavit,
> challenged three additional statement in
> the affidavit [oral challenges]."

The judge further stated:

> "The court is not required to entertain the
> oral challenges, as they have been made in
> violation of procedural rules governing
> pretrial motions. See Mass.R.Crim.P. Rule
> 13(a)(2).

Despite the fact that the return of the search warrant,
Lieutenant Cunningham's Police Report and Boston Police
Incident Report were admitted into evidence at the suppress-
ion hearing, trial counsel should have called Cunningham to
testify, because he had specific knowledge that Eversley's
testimony was false.  Specifically, Cunningham by his own
admissions knew six hours prior to the issuance of the
search warrant that Eversley and other officers had already
searched Apartment 327. (R. 13-14).

In Commonwealth v. Hill, 432 at 719, the court agreed
with the motion judge that counsel was constitutionally
ineffective by failing to call a witness. See Commonwealth
v. Martin, 427 Mass. 816, 822, 696 N.E.2d 904, 822 (Mass.

MEMORANDUM OF LAW PAGE TWELVE

1998); Commonwealth v. Haggerty, 400 Mass. 437, 442-443, 509 N.E.2d 1163 (Mass. 1987). Cunningham's testimony would have presented the jurors with evidence that contradicted the Commonwealth's entire theory of the case and could have raised reasonable doubt in the minds of the jurors. The outcome of the trial would have been different. Thus, trial counsel deprived Mr. Nelson of "an otherwise available, substantive ground of defense." Saferian at 883. Counsel at trial, and appellate counsel failed to conduct an adequate investigation and present a proper defense for Mr. Nelson. Commonwealth v. Satterfield, 373 Mass. 109, 115, 364 N.E.2d 1260 (Mass. 1977).

Had appellate counsel presented the issue of ineffective assistance of trial counsel adequately in Mr. Nelson's motion(s) for a new trial or on direct appeal, the issues would not have been deemed waived. Fisher v. Gibson, 282 F. 3d 1283 (10th. Cir. 2002), Delgado v. Lewis, 181 F.3d 1087 (9th. Cir. 1999). (Appellate counsel's failure to raise any arguable issues in brief on appeal created presumption of prejudice, satisfying prejudice prong of defendants claim of ineffective assistance of appellate counsel, in that defendant was essentially left without representation on appeal). When counsel fails to raise any arguable issues in the appellate brief, it is inappropriate to apply either the Strickland prejudice requirement or harmless error analysis in evaluating claim of ineffective assistance of appellate

MEMORANDUM OF LAW PAGE THIRTEEN

counsel. See also <u>Douglas v. California</u>, 372 U.S. 353, 83 S.Ct. 814 (1963).

Appellate counsel has an ethical responsibility of constitutional dimension to argue zealously those issues that counsel finds not wholly frivolous. <u>Anders v. Californai</u> 386 U.S. 738  744 (1967), 87 S.Ct. 1396. As in <u>Delgado v. Lewis</u>, at 1087, the court held that the District Court properly held that under <u>Strickland</u>, <u>Delgado</u> did not need to show prejudice because the failure of his counsel to raise arguable issues in the appellate brief creates a presumption of prejudice. See <u>Penson</u>, 488 U.S. at 86, 109 S.Ct. 346; <u>Davis</u>, 167 F.3d at 499. See also <u>Fisher v. Gibson</u>, 282 F.3d at 1283 (2002)(A strategic choice on the part of defense counsel requires more than attorney's after-the-fact, conclusory, and equivocal statement that he "thinks" he had a strategy of avoiding counter argument by the prosecution and discomfort in front of the jury).

The federal statue for post-conviction relief, 28 U.S.C. § 2255 is analogous to Rule 30 of the Massachusetts Rules of Criminal Procedure. A recent United States Supreme Court case, <u>Massaro v. United States</u>, 123 S.Ct. 1696 (2003), addressed issues of ineffective assistance of counsel and post-conviction relief. The Court stated: " We do hold that failure to raise an ineffective assistance of counsel claim on direct appeal does not bar the claim from being brought in a later, appropriate proceeding under § 2255 or § 2254."

MEMORANDUM OF LAW PAGE FOURTEEN

The fact that Mr. Nelson raised the issue of ineffect-
ive assistance of appellate counsel for the first time in
his second motion for a new trial, should not preclude those
issues for review.  In Bates v. Commonwealth, 434 Mass. 1019
751 N.E.2d 843, 844 (Mass. 2001), the court specifically
rules that a motion for new trial is the proper vehicle to
advance an issue of ineffective assistance of appellate
counsel. Bates at 1020; citing In Re McCastle, Petitioner,
401 Mass. 105, 514 N.E.2d 1307 (Mass. 1987).  Mr. Nelson's
claims, similar to those raised in Bates, were properly
raised in his second motion for a new trial.

For such overbearing conduct by appellate counsel,
there is a remedy, Brookhart v. Janis, 86 S.Ct. 1245 (1966);
Fay v. Noia, 372 U.S. 391 (1963); and Jones v. Barnes, 463
U.S. 745, 749-750 (1983).  The failure of appellate counsel
to advocate all of Mr. Nelson's rights on appeal constitutes
a denial of the effective assistance of counsel.  See
Anders v. California, 386 U.S. 738, 744 (1967). Mr. Nelson is
entitled to a reversal and/or a new trial.

MEMORANDUM OF LAW PAGE FIFTEEN

ARGUMENT

GROUND FOUR

Mr. Nelson's constitutional right was violated when
trial counsel refusal to allow him to testify in his own
behalf when he insisted to do so.  It has been held that a
defendant is denied his constitutional right to effective
assistance of counsel by counsel's failure to allow him to
testify.  Because the right of a defendant to testify is a
fundamental constitutional guarantee, only the defendant is
empowered to waive that right.  A defendant's waiver of his
right to testify in his own behalf, like his waiver of other
constitutional rights, must and should be made voluntarily
and knowingly.

In the instant case, Mr. Nelson consistently and
repeatedly informed trial counsel of his desire to testify,
thereby  violating his rights as guaranteed by the Sixth and
Fourteenth Amendment to the United States Constitution.  In
fact counsel informed Mr. Nelson that he will withdraw if he
insisted upon testifying.  Trial counsel, by threatening Mr.
Nelson, failed to pursue a legitimate defense, and fell below
the level of competency expected of that of a fallible
attorney, (T. 2/10, R. 23-26).  As such trial counsel was
deficient.  See Nichols v. Butler, 953 F.2d 1550 (11th Cir.
1992); United States v. Bernloehr, 833 F.2d 749 (8th Cir.

MEMORANDUM OF LAW PAGE SIXTEEN

1987)(The right of a defendant to testify is a fundamental constitutional guarantee, only defendant is empowered to waive that right); Rock v. Arkansas, 107 S.Ct. 2704, 2709-2710 (1987). (The Supreme Court explicitly confirmed that criminal defendants have a constitutional right to testify on their own behalf, Jones v. Barnes, 463 U.S. 745, 103 S.Ct. 3308, 3312 (1983)("the accused has the ultimate authority to make certain decision regarding the case, as to whether to testify in his or her own behalf; Wainwright v. Sykes, 433 U.S. 72, 93 n. 1, 97 S.Ct. 2497, 2510 n. 1 (1977); United States v. Curtis, 742 F.2d 1070, 1076 (7th Cir. 1984), cert. denied, 475 U.S. 1064, 106 S.Ct. 1374 (1986); Boykin v. Alabama, 395 U.S. 238, 242-43, 89 S.Ct. 1709, 1711-12 (1969) where a defendant claim that his right to testify was violated by defense counsel, the claim is properly framed as a claim of ineffective assistance of counsel. United States v. Teague, 953 F.2d 1515 (11th.Cir. 1992).

A defendant is required to prove that his trial counsel's performance was both deficient and prejudicial. Commonwealth v. Florentino, 396 Mass. 689, 690, 488 N.E.2d 403 (1986). It is well settled that a criminal defendant has a right to testify on his own behalf. Harris v. New york, 401 U.S. 222 (1971); Commonwealth v. Hennessey, 23 Mass.App.Ct. 384 (1987). It also the basic right that are "essential to due process of law in a fair adversary process." Faretta v. California, 422 U.S. 806 (1975). The right to testify is

MEMORANDUM OF LAW PAGE SEVENTEEN

guaranteed under the due process clause of the Fourteenth
Amendment to the united States Constitution. Rock v.
Arkansas, 483 U.S. 44 (1987). By denying Mr. Nelson his
right to testify, both prongs of the Florentino test were
satisfied. See Commonwealth v. Florentino, 488 at 403. The
first element requires the defendant to overcome the "strong
presumption that counsel's conduct falls within the wide
range of reasonable professional assistance." Commonwealth
v. Florentino, 396 Mass. 689, 448 N.E.2d 403 (1986) quoting
Strickland v. Washington, 446 U.S. 668 (1984).

        In the instant matter, the standard of the first prong
is met.  Although in order to succeed on a claim of
ineffective assistance of counsel, Mr.Nelson must show more
than better work by counsel might have accomplished some-
thing material for the defense, Commonwealth v. Satterfield,
373 Mass. 109, 364 N.E.2d 1260 (Mass. 1977).  Mr. Nelson in
the case at bar, is able to show a far greater degree of
deficiency by counsel.  Counsel informed Nelson, wrongly,
not to testify.  In fact, as indicated in these proceedings
Mr. Nelson requested to trial counsel that he wanted to
testify, (R. 25 ¶ 3). The trial court failed to inquire with
Nelson if the request not to testify was voluntary.  In fact
trial counsel indicated that he would withdraw if Mr. Nelson
insisted upon testifying or called the informant. (R. 25-26).
Trial counsel, by his actions in preventing Nelson to testify
and called witnesses, failed to pursue a defense and said

MEMORANDUM OF LAW PAGE EIGHTEEN

failure fell below the level of competency expected.
Commonwealth v. Haggerty, 400 Mass. 437, 509 N.E.2d 1163
(Mass. 1987); United States v. Bernloehr, 833 F.2d 749
(8th.Cir. 1987).  Mr. Nelson, an articulate, hard-working
businessman with no prior criminal records was the only
defense witness to the events in question. He knew the
cooperating informant and would have been able to shed light
on the scenario explained before the jury by the
Commonwealth's witnesses.  As such, this Honorable Court
should find that the first prong enunciated in Commonwealth
v. Florentino, 488 N.E.2d 403 (1986), that trial counsel's
performance was deficient, has been satisfied.

     The second prong of Florentino is satisfied as well.
Mr. Nelson is required to prove prejudice as a result of
counsel's ineffective assistance. Id at 689. The level of
prejudice must be sufficiently that, the jury's verdict may
have been different. In order for this level of prejudice to
exist, the majority of the Massachusetts Courts have found
for the defendant where defense counsel's errors have
effected either the "crux" of the defense or the sole defense
available to the defendant. Commonwealth v. Egardo, 426 Mass.
48, 53 (1997); Commonwealth v. Peters, 429 Mass. 22 (1999);
but see Commonwealth v. Florentino, 396 Mass. 689 (1986).

     As stated previously, it is well settled that a
defendant has a right to testify in his own behalf. Harris v.
New York, 401 U.S. 222 (1971); Commonwealth v. Hennessey, 23

MEMORANDUM OF LAW PAGE NINETEEN

Mass.App.Ct. 384 384 (1987). A defendant's right to testify
on his own behalf is a fundamental right that is personal to
the petitioner and cannot be waived by counsel. United
States v. Ortiz, 82 F.3d 1066 (C.A.D.C. 1996); United States
v. Teague, 953 F.2d 1525 (11th. Cir. 1992). "The accused Mr.
Nelson has the ultimate authority to make certain fundamen-
tal decision regarding the case", including whether to
testify in his own trial. Mr. Nelson made it clear to trial
counsel that he wanted to testify.(R. 25, 27, 29). See Jones
v. Barnes, 463 U.S. 745, 751 (1983).

The fact that trial counsel both denied Mr. Nelson his
right to testify, but also threatened to withdraw if he
insisted upon exercising this constitutionally guaranteed
right, was clearly prejudicial. Although a court, when
reviewing a claim as the one proffered in the instant matter,
should indulge a strong presumption that counsel rendered
reasonable professional assistance, Campos v. United States,
930 F.Supp. 787 (1996), even under this standard, the
Honorable Court should find that Mr. Nelson demonstrated
that the error of counsel in not allowing him to testify was
so prejudicial, that trial counsel was not functioning
within the meaning of the Sixth Amendment to the United
States Constitution and that Mr. Nelson was deprived of a
fair trial. Foy v. United states, 838 F.Supp. 38, 43 (E.D.
N.Y. 1993). Mr. Nelson had the clear, unequivocal right to
decide whether to testify. Counsel decided that he, and not

MEMORANDUM OF LAW PAGE TWENTY

Nelson, would make that decision. But for this prejudicial error on behalf of defense counsel, the jury's verdict could have been different.

As Mr. Nelson stated earlier and in his previously filed affidavit(s) there were several factors which he himself, would have been privy to and able to bring to the attention of the jury. Specifically, Mr. Nelson who had no prior criminal records would have been able to testify that although he possessed a package with cocaine on the day in question, he was merely returning a package to the co-operating witness who had left it in his car on the day before (Nelson's Affidavit at 2). The only defense available to Mr. Nelson was that the informant set him up. As such, it was vital that the jury have an opportunity to hear his words and judge his credibility. The prejudicial error of counsel "struck at the heart" of Mr. Nelson's case. Commonwealth v. Egardo, 42 Mass.App.ct. 41, 44 (1997). But for this error, the jury's verdict may very well have been different. To deny Mr. Nelson that fundamental constitutionally protected right, was clearly prejudicial and warrants this Honorable Court to overturn Mr. Nelson's convictions or order a new trial which would provide Mr. Nelson with the opportunity to testify and called witnesses who could shed light on his case. In fact, Mr. Nelson did testified at his Motion to Suppress hearing.

MEMORANDUM OF LAW PAGE TWENTY-ONE

## CONCLUSION

For the reasons stated in this Memorandum of Law in support of the merits to Grounds Two and four of the petitioners writ of habeas corpus, that this Honorable Court overturn Mr. Nelson's conviction vacating the judgment of the petitioner or in the alternative grant him a new trial or any further relief this Honorable Court deems meet and proper.

Respectfully Submitted,
By the Petitioner,

Dated: February 17, 2005.

Filbert Nelson, pro-se
MCI-Nrofolk
P.O. Box 43
Norfolk, MA 02056