UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| FILBERT NELSON,<br>    Petitioner,<br><br>v.<br><br>LUIS SPENCER,<br>    Respondent. | Civil Action No. 04-10316-JLT |

**RESPONDENT'S MEMORANDUM OF LAW
IN OPPOSITION TO GROUNDS TWO AND FOUR OF
THE PETITION FOR HABEAS CORPUS**

The respondent, Luis Spencer, through counsel, hereby submits his memorandum of law in opposition to grounds two and four of the petition for a writ of habeas corpus filed by Filbert Nelson ("the petitioner"). As argued in this memorandum, the petition should be denied where the petitioner's claim is in procedural default, and in the alternative, where the petitioner cannot demonstrate that state court's adjudication of the claims was an unreasonable application of clearly established Supreme Court law, or that the trial court's error had a "substantial and injurious effect or influence in determining the jury's verdict." *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993).

**PRIOR PROCEEDINGS**

On June 26, 1996, a Suffolk County, Massachusetts, grand jury returned indictments against the petitioner for the following offenses: trafficking in over 200 grams of cocaine and

illegal possession of a firearm. *See* SA: Vol. I, 1.[1] On June 4, 1997, Judge Charles Spurlock declared a mistrial after the jury declared themselves deadlocked. *See* SA Vol. I, 1. On June 10, 1997, following a second trial, the jury found the petitioner guilty of both offenses and Judge Spurlock sentenced the petitioner to eighteen to twenty years in prison. *Id*.

On June 15, 1999, the petitioner filed a pro se motion for new trial. *Id*. Judge Spurlock denied this motion without a hearing on August 18, 1999. *Id*. The petitioner appealed from the denial of his motion for new trial to the Massachusetts Appeals Court ("Appeals Court") and presented the following claims: (1) ineffective assistance of counsel due to counsel's refusal to allow defendant to testify; (2) the defendant's unknowing and involuntary waiver of his right to testify was prejudicial and constitutional error under the 5th, 6th and 14th Amendments; 3) the trial judge committed reversible error by denying the defendant's request to discharge counsel and for a brief continuance; and 4) the motion judge erred in denying the defendant's motion to suppress. *See* SA:Vol. I, 2. On June 4, 2001, the Appeals Court affirmed the petitioner's convictions in an unpublished opinion pursuant to Mass. R. App. Prac. 1:28. *Commonwealth v. Nelson*, 51 Mass. App. Ct. 1112, 748 N.E.2d 1056 (2001). *See* SA Vol. I, 3. The petitioner then filed an Application for Leave to Obtain Further Appellate Review ("ALOFAR") in the Massachusetts Supreme Judicial Court ("SJC") and presented the following claims: (1) ineffective assistance based on trial

---

[1] The respondent herein references his Supplemental Answer, containing the state court materials from the petitioner's trial and appeal, as "SA" followed by the volume and exhibit numbers.

counsel's refusal to allow the defendant to testify; 2) the trial judge committed reversible error by denying the defendant's request to discharge counsel and for a brief continuance; and 3) the motion judge erred in denying the defendant's motion to suppress. *See* SA:Vol. I, 6. On July 30, 2001, the SJC denied the petitioner's ALOFAR. *Commonwealth v. Nelson*, 434 Mass. 1108, 757 N.E.2d 729 (2001). *See* SA:Vol. I, 7.

On June 18, 2002, the petitioner filed a second motion for new trial. See S.A. Vol. I, 1. The trial judge denied this motion without a hearing on July 31, 2002, finding the issues waived. See S.A. Vol. I, 1. The petitioner appealed from the denial of this motion for new trial to the Massachusetts Appeals Court ("Appeals Court") and presented the following claims: 1) the trial judge abused his discretion in denying the motion for new trial without having an evidentiary hearing; 2) ineffective assistance of counsel based on a) the failure to properly investigate and marshal facts relative to the proper presentation of issues during the hearing on the motion to suppress; b) failure of trial counsel to properly investigate key issues for presentation to jury; and c) failure of appellate counsel to properly present key facts and issues to the Appeals Court; 3) no probable cause for the initial seizure of the defendant without a warrant having been issued; and 4) ineffective assistance of counsel for failure to request a missing witness instruction. See S.A. Vol. II, 8. The Appeals Court affirmed the petitioner's convictions in an unpublished opinion pursuant to Mass. R. App. Prac. 1:28. *Commonwealth v. Nelson*, 59 Mass. App. Ct. 1112, 798 N.E.2d 586 (2003). See SA Vol. II, 10. The petitioner then filed an Application for Leave to Obtain Further

Appellate Review ("ALOFAR") in the Massachusetts Supreme Judicial Court ("SJC") and presented the following claim: Whether the motion judge abused his discretion by denying the motion for new trial without a hearing and where trial and appellate counsel were ineffective. On January 29, 2003, the SJC denied the petitioner's ALOFAR. *Commonwealth v. Nelson*, 441 Mass. 1102, 803 N.E.2d 332 (2004). *See* SA:Vol. II, 12.

On February 13, 2004, the petitioner filed a petition for writ of habeas corpus with this Court. On April 16, 2004, the respondent filed an Answer and Supplemental Answer and on May 12, 2004, the respondent filed a Motion to Dismiss for Failure to Exhaust State Court Remedies. On June 23, 2004, the petitioner filed an amended petition. On July 30, the respondent filed a motion to dismiss grounds one and three of the petition for failure to state a claim upon which relief can be granted. On January 19, 2005 Magistrate Cohen recommended that the motion to dismiss be allowed. On February 17, 2005 Judge Tauro adopted the magistrate's report and recommendation and dismissed grounds one and three from the petition. On February 18, 2005 the petitioner filed a memorandum of law in support of the merits of grounds two and four of the petition.

## STATEMENT OF FACTS

The petitioner was arrested based on information given to police by an informant who set up a transaction with the petitioner. The Appeals Court found the following facts as set forth in the search warrant affidavit for the petitioner's apartment:

> Here, the affidavit indicates that a named informant had purchased cocaine from the [petitioner] on several occasions, had been present when he sold it to others, and

could identify the building in front of which the transactions took place. After placing his order, the informant would wait in the bus stop in front of the building, and the [petitioner] would come out of the building with the amount of cocaine ordered on his person. The informant placed an order for an ounce of cocaine, accompanied police to the location, and identified the building as 5050 Washington Street. Police officers observed the [petitioner] go into the premise and then return, beckoning to the informant to alight from the unmarked vehicle in which he was sitting with police. The [petitioner] was then arrested after attempting to flee; two bags of cocaine, believed to be approximately one ounce, were found on his person. The statements of the various neighbors were consistent with each other and corroborated the testimony of the named informant.

*Commonwealth v. Nelson*, 51 Mass. App. Ct. 1112, 748 N.E.2d 1056 (2001) (S.A. Vol. I, 5). The motion to suppress judge also made these additional findings regarding the search of the petitioner's apartment:

> The key to apartment 327, found on [the petitioner] was used to enter the apartment and [Officers] Eversley, Pieroway and Gaughan proceeded to conduct a protective sweep. The officers wanted to ensure that no one remained inside and that no contraband stored within the apartment was being destroyed. Once it was determined that no one remained in the apartment, Eversley left to obtain a search warrant and directed that the apartment be "frozen." Pieroway and Gaughan remained in the apartment. . .
>
> At approximately 1:30 a.m. on June 18, 1996 Eversley returned with the search warrant to Apartment 327. At this point, and at no time earlier, the full search of the apartment was conducted. During the search cocaine in excess of 200 grams; $70,627 (US currency); one .25 caliber semiautomatic pistol containing [seven] live rounds; drug distribution paraphernalia; a drug ledger; one Motorola portable phone; personal papers and effects of [the petitioner]; personal papers and effects of Maggie D. Brown [the petitioner's girlfriend]; house and motor vehicle keys; a scanner and five .38 caliber live rounds were found and seized.

(S.A. Vol. I, 2: R.A. 146-147).

**ARGUMENT**

**Standard of Review**

Habeas corpus review of claims previously adjudicated by state courts is both limited and highly deferential:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). This "highly deferential standard for evaluating state-court rulings" reflects the overarching structure of the federal habeas corpus scheme, which vests "primary responsibility" for evaluating federal law claims raised in criminal trials in the state courts, courts which must be presumed in habeas corpus courts to know and follow the law. *Woodford v. Visciotti*, 537 U.S.19, 24, 27 (2002) (per curiam). Thus, as the Supreme Court has repeatedly emphasized, it is not sufficient to warrant habeas corpus relief that the state court's decision was erroneous or incorrect. *Id.* at 27; *Williams v. Taylor*, 529 U.S. 362, 412 (2000). It is not even sufficient that the state court "failed to apply" Federal law clearly established by the Supreme Court, *Early v. Packer*, 537 U.S. 3, 10 (2002) (per curiam), or

that the state court committed "clear error," or that the reviewing court is of the "firm conviction" that the state court's ruling was erroneous. *Lockyer v. Andrade*, 538 U.S. 63, 75-76 (2003).

Rather, federal courts must decline to intervene to disturb state court judgments unless petitioner demonstrates that his claim falls into one of the narrowly drawn categories set forth in the statute. "Under § 2254(d)(1), the writ may only issue if one of . . . two conditions is satisfied . . . ." *Williams*, 529 U.S. at 412. "Under the 'contrary to' clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts. *Id*. at 412-13. The analysis under the "unreasonable application" clause is distinct, and relief is available only if "the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id*. at 413. To be entitled to relief under the latter clause, the burden is on petitioner to show that the state court decision applied the clearly established law in an "objectively unreasonable" manner. *Id*. at 409-10. Since "[a]pplying a general standard to a specific case can demand a substantial element of judgment," "[t]he more general the rule, the more leeway courts have in reaching outcomes in case by case determinations." *Yarborough v. Alvarado*, 124 S. Ct. 2140, 2149 (2004). The clearly established law that is relevant to the analysis under §

2254(d)(1) is limited to the holdings of United States Supreme Court cases extant at the time of the state court decision, and does not include the dicta of such cases. *Id*. at 2147; *Williams*, 529 U.S. at 412.

Factual determinations of state courts are granted similar deference. To satisfy § 2254(d)(2), a petitioner must show that the state's factual determination was objectively unreasonable. *Miller-El v. Cockrell,* 537 U.S. 322, 340 (2003) (citing *Williams v. Taylor*, 529 U.S. 362, 399 (2000)). Objective unreasonableness is not merely an incorrect or erroneous decision. *Williams*, 529 U.S. at 410; *see also Ward v. Sternes*, 334 F.3d 696, 703-04 (7th Cir. 2003) ("petitioner's challenge to a decision based on a factual determination will not succeed if the petitioner merely evidences that the state court committed error. Instead, he must further establish that the state court committed unreasonable error."); *Dennis v. Mitchell*, 354 F.3d 511, 518 (6th Cir. 2003) ("federal habeas court may not grant habeas relief under § 2254(d)(2) merely because it disagrees with a state trial court's factual determination").

Moreover, § 2254(d)(2) must be interpreted in conjunction with § 2254(e)(1), which specifies both that "a determination of a factual issue made by a State court shall be presumed to be correct," and that "[t]he applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." *Sanna v. DiPaolo*, 265 F.3d 1, 7. *See also Miller-El,* 537 U.S. at 341 (noting that to prevail under § 2254(d)(2), habeas petitioner must both disprove the factual finding by clear and convincing evidence and

8

demonstrate that the court's factual determination was objectively unreasonable).

**I.   WHERE THE PETITIONER FAILED TO RAISE HIS INEFFECTIVE ASSISTANCE CLAIM IN HIS DIRECT APPEAL OR IN HIS FIRST MOTION FOR NEW TRIAL, HABEAS REVIEW IS PRECLUDED BY PROCEDURAL DEFAULT.**

The "procedural default rule" reflects the Supreme Court's view that, in the interests of comity and federalism, a habeas court should "'not review a question of federal law decided by a state court if the decision of that court rests on a state law ground that is independent of the federal question and adequate to support the judgment.'" *Boutwell v. Bissonnette*, 66 F. Supp.2d 243, 245 (D. Mass. 1999), *quoting Coleman v. Thomspon*, 501 U.S. 722, 729 (1991). *See also Edwards v. Carpenter*, 529 U.S. 446, 450 (2000). As a consequence of this rule, "state prisoners whose claims are dismissed by state courts for procedural reasons cannot gain access to federal habeas review." *Boutwell v. Bissonnette*, 66 F.Supp.2d at 245 (citations omitted). Such independent and adequate state grounds exist where, as here, "'the state court declined to hear [the underlying claim] because the prisoner failed to meet a state procedural requirement.'" *Simpson v. Matesanz*, 175 F.3d 200, 206 (1st Cir. 1999), *cert. denied*, 528 U.S. 1082 (2000), *quoting Brewer*, 119 F.3d 993, 999 (1st Cir. 1997), *cert. denied*, 522 U.S. 1151 (1998).

A state decision based on the failure to properly raise an issue on appeal constitutes an adequate and independent state ground, as does the failure to lodge a contemporaneous objection at trial. *See, e.g., Coleman*, 501 U.S. at 729-30 (untimely filing of notice of appeal); *Murray v. Carrier*, 477 U.S. 478, 481-82 (1986) (failure to raise claim on appeal);

9

*Wainwright*, 433 U.S. at 86-87 (contemporaneous objection). *See* Mass. R. Crim. P. 30(c)(2); *Commonwealth v. Randolph*, 438 Mass. 290, 293-294, 780 N.E.2d 58 (2002) (issues generally waived if not raised in first motion for new trial or in direct appeal). For habeas purposes, the federal courts do not infer waiver of a procedural bar "unless the state appellate court has made it 'reasonably clear that its reasons for affirming a conviction rest upon its view of federal law.'" *Tart v. Massachusetts*, 949 F.2d 490, 496 (1st Cir. 1991), *quoting Doucette v. Vose*, 842 F.2d 538, 540 (1st Cir. 1988). *See also Puleio v. Vose*, 830 F.2d 1197, 1200 (1st Cir. 1987), *cert denied*, 485 U.S. 990 (1988). Indeed, habeas review is allowed only if "the relevant state court decision . . . fairly appear[s] to rest primarily on federal law or [is] interwoven with [federal] law." *Ylst v. Nunnemaker*, 501 U.S. 797, 802 (1991). *See Coleman*, 501 U.S. at 734, 735.

Habeas review of a procedurally defaulted claim is, therefore, precluded unless "petitioner can demonstrate cause for the default and prejudice stemming therefrom, or alternatively, unless the petitioner can show that a refusal to consider the merits of the constitutional claim will work a miscarriage of justice." *Harris*, 489 U.S. at 262. *Accord, Coleman*, 501 U.S. at 749-50; *Burks v. DuBois*, 55 F.3d 712, 716 (1st Cir. 1995). The "miscarriage of justice" exception to a showing of cause and prejudice is "'seldom to be used, and explicitly tied to a showing of actual innocence.'" *Killela v. Hall*, 84 F.Supp. 2d 204, 210 (D. Mass. 2000), *quoting Burks*, 55 F.3d at 717.

In this case, the petitioner did not raise his claim of ineffective assistance of counsel

until his second motion for new trial. The motion judge denied the motion based on the fact that the issues were waived because they had not been raised in the direct appeal (S.A. Vol. II, 8: R.A. 7). The Appeals Court then affirmed the denial of the motion based on the reasons set forth by the Commonwealth, which argued waiver (S.A. Vol. II, 10). Therefore, the state enforced its procedural rules in this case and refused to consider the merits of the ineffective assistance claim because it was waived. This claim is therefore procedurally defaulted.

"To excuse a procedural default, a petitioner's cause must relate to an objective factor, external to the defense, that thwarted (or at least substantially obstructed) the efforts of the defendant or his counsel to obey the state's procedural rule." *Burks*, 55 F.3d at 716-17. No such factor "external" to the defense existed here. There was, for instance, no governmental interference that prevented the petitioner from complying with the state procedural rules. *See Murray v. Carrier*, 477 U.S. 478, 488 (1986).

The only other potential cause available to the petitioner is alleged attorney error or oversight in failing to timely object. It is well settled, however, that attorney error or oversight is not sufficient cause for excusing a procedural default unless it rises to the level of constitutional ineffective assistance. *See id.; Burks*, 55 F.3d 712. The Supreme Court has also clearly articulated that a claim of ineffective assistance of counsel must "be presented to the state courts as an independent claim before it may be used to establish cause for a procedural default." *Murray*, 477 U.S. at 488-89. Thus, while a valid claim for constitutional ineffective assistance of counsel may provide cause to excuse a procedural

11

default, petitioner must first show that the ineffectiveness claim is itself not procedurally barred. *Hill v. Jones*, 81 F.3d 1015, 1030 (8th Cir. 1996) (same), *cert. denied*, 519 U.S. 1119 (1997) (a procedurally defaulted ineffective assistance of counsel claim cannot serve as cause to excuse a default of a second claim). The petitioner argues that his appellate counsel's failure to argue the issue on appeal constituted cause for the procedural default, but the motion judge found this claim to be waived. The ineffective assistance claim is therefore also procedurally defaulted.

This claim must also fail where the petitioner had previously argued in his direct appeal that the motion to suppress should have been allowed because the search commenced before the search warrant had issued. The motion judge specifically rejected this allegation in lengthy written findings following an evidentiary hearing (S.A. Vol. I, 2: R.A. 57-62) and the Appeals Court affirmed the denial of the motion to suppress (S.A. Vol. I, 5). In the petitioner's brief in the direct appeal, he specifically referred to the statement in Lieutenant Cunningham's police report (S.A. Vol. I, 2, p. 34). Where the Appeals Court already found no merit to the underlying claim, the petitioner cannot fare better by recasting the claim as an ineffective assistance of counsel claim. *See Commonwealth v. Silva*, 25 Mass. App. Ct. 220, 228, 517 N.E.2d 182 (1988) ("where an appellate court has already answered the question in the negative, a claim based upon the same issue but newly attired in the garb of ineffective assistance of counsel is duplicitous and amounts to mere 'Monday morning quarterbacking'").

Nor can the petitioner demonstrate actual prejudice sufficient to excuse his default. *See Coleman*, 501 U.S. at 750. As stated above, the motion judge and the Appeals Court had already determined that the motion to suppress was properly denied. Thus, trial counsel would not have been able to call Lieutenant Cunningham at trial to question him about when the search was conducted where that issue had been decided in the motion. Appellate counsel's failure to raise the claim in the direct appeal was therefore not prejudicial to the petitioner's case.

Absent cause and actual prejudice sufficient to excuse his procedural default, the only other avenue available to the petitioner – that a refusal to hear his defaulted state law claim would result in a "fundamental miscarriage of justice" – is foreclosed. *Simpson*, 175 F.3d at 210. This exception to the procedural default rule is "'seldom to be used, and explicitly tied to a showing of actual innocence.'" *Killela v. Hall*, 84 F. Supp.2d 204, 210 (D. Mass. 2000), *quoting Burks*, 55 F.3d at 717. No such showing has been or could be made here.

**II.    THE APPEALS COURT'S HOLDING THAT THE PETITIONER'S COUNSEL WAS NOT INEFFECTIVE FOR RECOMMENDING THAT PETITION NOT TESTIFY WAS NOT CONTRARY TO OR AN UNREASONABLE APPLICATION OF CLEARLY ESTABLISHED SUPREME COURT PRECEDENT.**

In his fourth claim in his habeas corpus petition, the petitioner argues that his trial counsel was ineffective for refusing to allow the petitioner to testify in his own behalf. The Appeals Court held that, pursuant to *Commonwealth v. Saferian*, 366 mass. 89 (1974), defense counsel's recommendation that the petitioner not testify was an appropriate tactical

decision under the circumstances where the police had found in excess of 200 grams of cocaine, over $70,000 in cash, a gun and live rounds of ammunition, and drug distribution paraphernalia in the petitioner's apartment during the execution of the search warrant. *Commonwealth v. Nelson*, 51 Mass. App. Ct. 1112, 748 N.E.2d 1056 (2001) (S.A. Vol. I, 5). Moreover, the petitioner never indicated his desire to testify on his own behalf and has not indicated how he was prejudiced by not testifying. *Id*.

The Appeals Court's decision was not contrary to *Strickland v. Washington*, 466 U.S. 668 (1984) where the Massachusetts test for ineffective assistance of counsel under *Saferian* is so similar to the *Strickland* test. *See Commonwealth v. Cardenuto*, 406 Mass. 450, 454 n.8 548 N.E.2d 864 (1990) (if the *Saferian* test is met, the *Strickland* test is necessarily met as well). Nor was the SJC's decision an unreasonable application of *Strickland*. In *Strickland*, the Supreme Court established that a violation of the right to effective assistance of counsel has two components:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

*Strickland*, 466 U.S. at 687.

Under the performance prong of *Strickland*, a party claiming ineffective assistance must prove that counsel's performance fell below an "objective standard of reasonableness." *Id*. at 687-88. There is a "strong presumption" that counsel's strategy and tactics fall "within

the range of reasonable professional assistance," and courts should avoid second-guessing counsel's performance with the use of hindsight. *Id.* at 689. As the Supreme Court has explained, "[i]t is all too tempting for a defendant to second-guess counsel's assistance after conviction. . . , and it is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable." *Id.* at 689. It is only where, given the facts then existing, counsel's "choice was so patently unreasonable that no competent attorney would have made it," that the ineffective assistance prong of *Strickland* may be satisfied. *Phoenix v. Matesanz*, 233 F.3d 77, 82 n.2 (1st Cir. 2000).

Under the prejudice prong of *Strickland*, a party claiming ineffective assistance must show "that there is a reasonable probability that but for counsel's unprofessional errors, the result of the proceedings would have been different." *Strickland*, 466 U.S. at 694. Not all errors by counsel are sufficient to satisfy this standard. *Id.* at 693. Rather, a "reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694. The Supreme Court has described this as a "highly demanding" and "heavy burden." *See Williams*, 529 U.S. at 393. A defendant's failure to satisfy one prong of the *Strickland* analysis renders it unnecessary for a court to consider the remaining prong. *Strickland*, 466 U.S. at 697.

In this case the Appeals Court's holding that the petitioner's counsel was not deficient was a reasonably conclusion where the only evidence to the contrary was the petitioner's self-serving affidavit filed with his motion for new trial (S.A. Vol. I, 2: R.A. 74). There was nothing on the record at either trial to indicate the petitioner's desire to testify. The decision

whether to invoke a constitutional right to testify differs from other constitutional rights such as the right to a jury trial and the right to plead not guilty in that it is based largely on trial strategy and the factors weighing on the decision can change throughout the trial. Therefore, Massachusetts courts as well as some circuit courts including the First Circuit have held that "there is no constitutional or statutory mandate that a trial court inquire further into a defendant's decision not to testify." *See Commonwealth v. Hennessey*, 23 Mass. App. Ct. 384, 388-389, 502 N.E.2d 943 (1987); *United States v. Systems Architects, Inc.* 757 F.2d 373, 376 (1st Cir. 1985, *cert. denied*, 474 U.S. 847 (1985); *United States v. Janoue*, 720 F.2d 1156, 1161 (10th Cir. 1983), *cert. denied*, 465 U.S. 1036 (1984). In light of this principle and in light of the overwhelming evidence against the petitioner presented by the Commonwealth, it was a reasonable application of the first prong of *Strickland* to conclude that trial counsel was not deficient with respect to the petitioner's right to testify.

Nor was the Appeals Court's decision an unreasonable application of the second prong of *Strickland*. The petitioner does not assert how he was prejudiced by his failure to testify, other than claiming that he would have testified that the informant "set him up" (Pet. Br. 20) and he was merely returning the bag that the informant left in his car when the police arrested him. He does not assert how he would have disclaimed ownership of the more than 200 grams of cocaine, $70,000 in case and drug distribution paraphernalia that were found in a valid search of his apartment. "A court must indulge a 'strong presumption' that counsel's conduct falls within the wide range of reasonable professional assistance because it is all too easy to conclude that a particular act or omission of counsel was unreasonable in the harsh light of hindsight." *Bell v. Cone*, 535 U.S. 685 (2002), citing *Strickland*, 466 U.S.

at 689. In *Bell*, the petitioner claimed that his counsel was ineffective for failing to present mitigating evidence and to present a closing argument during the sentencing phase of his trial. *Id.* at 692. The Court found that in the circumstances of the case, where respondent's counsel was faced with "the formidable task of defending a client who had committed a horribly brutal and senseless crime" and his strategic decisions during the sentencing hearing were objectively reasonable under *Strickland.* *Id.* at 699-702.

    The petitioner is not entitled to habeas relief where the Appeals Court's decision was an objectively reasonable application of the ineffective assistance standard under *Strickland* to the facts of this case.

## **CONCLUSION**

For the reasons detailed herein, the petition for writ of habeas corpus should be denied. The petitioner's first claim was procedurally defaulted and he has failed to show cause and prejudice to excuse the default or actual innocence. Moreover, the state court's resolution of the petitioner's second claim was not an unreasonable application of clearly established Supreme Court precedent. While this Court may disagree with the analysis of the petitioner's claim, it is not free under the constraints imposed by the AEDPA to substitute its own judgment for the reasonable judgment of the state court. *Williams v. Matesanz*, 230 F.3d at 429. As the First Circuit recently explained:

> When there are two plausible outcomes that can result for a reasoned application of clearly established Supreme Court precedent to a particular set of facts, the state court's choice between those two outcomes, whether right or wrong, cannot constitute a basis for habeas relief under [the AEDPA].

*Id*. The Petition for a Writ of Habeas Corpus should accordingly be denied.

Respectfully submitted,

THOMAS F. REILLY
ATTORNEY GENERAL

/s/ Susanne G. Reardon
Susanne G. Reardon
Assistant Attorney General
Criminal Bureau
One Ashburton Place
Boston, Massachusetts 02108
(617) 727-2200 ext. 2832
BBO No. 561669

Dated: March 16, 2005

## CERTIFICATE OF SERVICE

     I hereby certify that a true copy of the above document was served upon the petitioner at the address below on March 16, 2005, by depositing the copy in the office depository for collection and delivery by first-class mail, postage pre-paid, to him as follows:

Filbert Nelson, pro se
MCI Norfolk
P.O. Box 43
Norfolk, MA 02056

                                      /s/ Susanne G. Reardon
                                      Susanne G. Reardon
                                      Assistant Attorney General