UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION
No. 04-10316-JLT

FILBERT NELSON,
    Petitioner,

v.

LUIS SPENCER,
    Respondent.

## PETITIONERS RESPONSE IN REPLY TO RESPONDENTS OPPOSITION AND MEMORANDUM OF LAW TO GROUNDS TWO AND FOUR OF THE PETITIONERS HABEAS CORPUS

The petitioner Filbert Nelson, acting pro-se hereby submits for consideration to this Honorable Court Petitioners Reply Memorandum to Respondents Opposition and Memorandum of Law to Grounds Two and Four of the petitioners petition for Writ of Habeas Corpus. The respondents memorandum of law is infested with inconsistencies, and misapprehended information, as argued in the filed pleadings, Respondent's motion to dismiss and opposition filed by the Respondents be denied, as Petitioner was not afforded a fair trial, as such a substantial risk of a likelihood of a miscarriage of justice has occurred.

### ARGUMENT

An Application for a Writ of Habeas Corpus of a person in state custody pursuant to a judgment from a state court can be granted on the merits if the claim is: (1) resulted in

-2-

a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. 28 U.S.C. § 2254 (d). This "highly deferential standard for evaluating state-court rulings" reflects the overarching structure of the Federal Habeas Corpus scheme, which vests "primary responsibility" for evaluating federal law claims raised in criminal trials in the state courts, courts which must be presumed in Habeas Corpus Courts to know and follow the law. Woodford v. Visciotti, 537 U.S. 19, 24, 27 (2002)(per curiam).

The respondents argue that petitioner failed to raise his ineffective assistance claim in his direct appeal, or in his first motion for a new trial. The respondents argument is fundamentally flawed. A motion for a new trial is the proper procedure to raise newly discovered evidence, and procedural errors, as well as issues of ineffective assistance of counsel, and issues not raised in a direct appeal. The petitioner is charged with Trafficking in over 200 grams of cocaine and Illegal possession of a Firearm. On or about June 18th, 2002, the petitioner filed a second motion for a new trial. This is not an unusual procedure.

Mass.R.Crim.P. Rule 30, provides a defendant the Post Conviction remedies to request a new trial if: (a) unlawful

-3-

restraint; "whoever is imprisoned or restrained of his liberty pursuant to a criminal conviction may at any time, as of right, file a written motion requesting the trial judge to release him or to correct the sentence which he is then serving upon the ground that his confinement or restraint was imposed in violation of the Constitution or laws of the United States or of the Commonwealth of Massachusetts."  Mass. R.Crim.P. Rule 30(a); or (b) New Trial: "The trial judge upon motion in writing may grant a new trial at any time if it appears that justice may not have been done.".. Mass.R.Crim. P. Rule 30(b).

The petitioner as a matter of law can move the state court under Mass.R.Crim.P. Rule 30, can raise problems and procedural defects throughout the course of his trial and conviction to raise procedural defects, including ineffective assistance of counsel, once the defect is discovered or made known to the defendant/petitioner.  The petitioner a pro-se litigant non-attorney discovered the procedural defect after his direct appeal was decided and after the filing of his first motion for a new trial.  It wasn't until the time of the petitioners first motion for a new trial was filed and denied, ineffective assistance of counsel was discovered. The issues are not waived if the issues were not discovered.  See Massaro v. United States, 123 S.Ct. 1696 (2003), addressed issues of ineffective assistance of counsel and post-conviction relief, which is also cited in petitioners

-4-

memorandum of law at page (13) and (14).

To excuse a procedural default, a petitioner's cause must related to an objective factor, external to the defense, that thwarted or substantially obstructed the effects of the defendant or his counsel to obey the states' procedural rule, as in this instant case. Burks v. DuBois, 55 F.3d 712, 716 (1st Cir. 1995). Because of this justice was not served at his trial and appeal(s) and a substantial likelihood of a miscarriage of justice has occurred. The procedural default raises to the level of constitutional ineffectiveness. The state court has already rejected the petitioners claim, and misapprehended the law. Petitioner was denied a fair trial in violation of his Sixth and Fourteenth Amendment Rights to the United States Constitution and the Massachusetts Declaration of Rights Part 1 Article 12. Petitioner has a valid claim, and respondent misapprehended the law. Petitioner was denied a fair trial in violation of his Sixth and Fourteenth Amendment Rights to the United States Constitution and in violation of the Massachusetts Declaration of Rights Part One Article Twelve. Petitioners claim as argued in his previously filed memorandum of law for constitutional ineffective assistance of counsel to excuse a procedural default is valid. Appellates counsel was also ineffective for failure to raise the claim in his direct appeal was therefore prejudicial to the petitioners case. The exception to the procedural default rule as stated here is explicitly

-5-

tied to the showing of the petitioners actual innocence. Respondents claim in argument One must fail as a matter of law.

The Respondents second claim argues that petitioner's counsel was not ineffective for recommending that Petitioner not to testify. Contrary to popular belief this is not the case. The petitioner argues that his trial counsel was also ineffective for refusing to allow the Petitioner to testify in his own behalf. The petitioner has an unequivocal right to testify in his own behalf or not to testify. The petitioner is not obligated to put on any evidence, or self incriminate himself as guaranteed by the Fifth Amendment to the United States Constitution. The petitioner is innocent until proven guilty. The petitioner at the same time has a constitutional right to defend against and testify in his own behalf if he desire to do so. The choice to testify rests solely on the defendant/petitioner and no one else. Not the Judge, the District Attorney, the Trial Attorney, or the Jury. Only the defendant has that choice which is a fundamental right that is personal to the petitioner, and it cannot be waived by counsel. The failure to allow the petitioner to testify was prejudicial to the petitioner's case. United States v. Teague, 953 F.2d 1525 (11th Cir. 1992).

The Respondent stated that: The appeals Court held Pursuant to Commonwealth v. Saferian, 366 Mass. 89 (1974), defense counsel's recommendation that the petitioner not

-6-

testify was appropriate tactical decision under the circumstances where the police had found in excess of 200 grams of cocaine, over $70,000.00 in cash, a gun in petitioners apartment during the execution of the search warrant. Contrary to the Respondent and the Appeal courts assertion, (1) Mr. Nelson testified at the suppression hearing that <u>he did not live</u> at 5050 Washington Street, Apartment 327; (2) that <u>he lived</u> at 107 Charlame Street, Roxbury; (3) that he registered his car at his girlfriends apartment building at 5050 Washington Street for a cheaper insurance and, (4) that he was denied the opportunity to tell the jury where he believe the drugs came from. As such Petitioners testimony was essential to his defense.

Contrary to the Respondent's assertion that Mr. Nelson never indicated his desire to testify. In Mr. Nelson's Memorandum of Law, he specifically submitted several documents to prove it was his desire to testify and his trial counsel deprived him of that right. A review of the Record Appendix in his memorandum shows that trial counsels letter acknowledging petitioner's desire to testify. Co-defendant attorney Mr. Martin K. Leppo's Motion to Sever and Affidavit indicates that petitioner intends on testifying on his own behalf and a letter from petitioner to appellate counsel that trial counsel refused to allow him to testify and if he did he would withdraw as counsel. See (R. 24-30 and 34-35) of the record of appendix to petitioners memorandum in support of grounds two

-7-

and four.

Contrary to the Respondent's assertion that petitioner does not assert how he was prejudice by his failure to testify, other than claiming that he would have testified that the informant "set him up" (Pet.BR. 20). This assertion is absolutely absurd. Mr. Nelson made it very clear to the trial judge that his attorney was not presenting adequate representation on his behalf, that he had not seen a search warrant since his arrest, a search warrant which now turns out to be forge by Detective Eversley, and petitioner would have testified that he saw Detective Pieroway leaving the police station with a brown paper bag similar to the one found in the apartment with the drugs. Furthermore, petitioner would have testified that Maggie Brown is the solely lease owner of the apartment and her brothers had access to her apartment and who had prior criminal records, and trial counsel failure to conduct any investigation whatsoever. The trial record shows that the petitioner had purchased a home in Milton, Massachusetts on May 30, 1996, with a down payment of $53,000.00 and approximately $15,000.00 in his bank accounts. The petitioner was working and earning a good salary in order to qualify for a bank loan to purchase a home, which distinguish him from a drug dealer.

It is very clear that the petitioner was deprived of his Constitutional Right to testify and tell the jury his side. The Commonwealth was allowed to present their theory

-8-

and conjectural view of the case without objections, while defense counsel kept the petitioner silent. Defense counsel never called any witnesses or presented any evidence to impeach or contradict the Commonwealth's witnesses. The record also shows that some of the drugs were never tested by the state lab. However, the chemist issued a certificate stating that <u>all</u> the drugs were tested positive for cocaine at trial, but trial counsel was so incompetent, because he fell "measurable below that which might be expected from an ordinary fallible lawyer." This Court should not turn a blind eye to the injustice done to the petitioner and the serious degradation of the truth-seeking process in the hope that the jury should have sort out the whole mess. It was clear that counsel at the suppression hearing, that both trial and appellate counsel failed to carry out their duties by failure to investigate the petitioner's case, called witnesses in his defense and presented any documentation to the jury which would have shown that the petitioner had no prior record and was a very hard working business man for over twenty plus years prior to his arrest, and that the evidence presented at trial casts real doubt (S.A. Vol.II,R. 209).

---

<u>1</u>/ It is important to note that appellate counsel, trial counsel, and counsel at the suppression hearing, were different attorneys who never investigate the case.

-9-

The relationship of attorney and clint is "highly fiduciary" in nature. An attorney owes a client full and fair disclosure, as well as competent, diligent and zealous representation. <u>Opert v. Melios</u>, 415 Mass. 643, 638-639 (1993). The petitioner was denied those rights by his attorneys failure to present adequate representation.

## CONCLUSION

For the reasons stated herein and in his previously filed memorandum of law in support of his Writ of Habeas Corpus, petitioner requests that this Honorable Court deny the Respondents memorandum and opposition, and grant him the relief sought.

Respectfully Submitted
By The Petitioner

Dated: April 4th ,2005.

Elbert Nelson, pro-se
MCI-Norfolk
P.O. Box 43
Norfolk, Mass. 20256

CERTIFICATE OF SERVICE

I Filbert Nelson, hereby certify under the pains and penalties of perjury that a true copy of this document has been served upon the respondents attorney of record Ms. Susanne G. TReardon, Assistant Attorney General, Criminal Bureau, by mailing same postage prepaid first class mail to her address located at the Office of The Attorney General, One Ashburton Place, Boston, Massachusetts 02108 on this date.

Dated: April 4th ,2005

Filbert Nelson