UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| FILBERT G. NELSON, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Civil Action No. 04-10316-JLT |
| ) | |
| LUIS SPENCER, ) | |
| ) | |
| Respondent. ) | |

**RESPONDENT'S OPPOSITION TO**
**PETITIONER'S MOTION TO STAY PROCEEDINGS**

The respondent, Luis Spencer, Superintendent of MCI Norfolk, through counsel, hereby opposes the petitioner's motion to stay the habeas corpus proceedings while the petitioner files a motion for new trial in the state court. As reasons therefore, the respondent states that although a petition may be stayed while a petitioner exhausts claims presented in a habeas petition, *see Rhines v. Weber*, 125 S.Ct. 1528, 1535 (2005), such a stay is not appropriate in this case where the petitioner seeks to stay the habeas petition while he exhausts new claims in the state court. If the petitioner attempts to amend his petition with new claims that are unrelated to the claims already asserted in the original habeas corpus petition, they cannot "relate back" to the original petition and will be time-barred under the one year statute of limitations. *See* 28 U.S.C. § 2244(d); *Mayle v. Felix*, 125 S.Ct. 2562, 2573-2574 (2005).

In *Mayle*, the petitioner's original habeas petition challenged the admission of into evidence of the videotaped testimony of a prosecution witness in his murder trial. His amended petition, filed after the one-year statute of limitations period had expired, sought to challenge his

2

statements in a pre-trial interrogation. The Supreme Court held that the amended petition asserted a new ground for relief supported by facts that differed in both time and type from those in the original petition and therefore the claims could not "relate back" to the original petition. *Mayle*, 125 S.Ct. at 2570-2572. The same analysis applies here where the petitioner has indicated that he wants to bring entirely new claims in the state court.

WHEREFOR, the respondent respectfully moves this Court to deny the petitioner's motion to stay the habeas corpus petition.

Respectfully submitted,

THOMAS F. REILLY
ATTORNEY GENERAL

_/s Susanne G. Reardon
Susanne G. Reardon
Assistant Attorney General
Criminal Bureau
One Ashburton Place
Boston, Massachusetts 02108
(617) 727-2200 ext. 2832
BBO No. 561669

Dated: September 8, 2005

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon petitioner, at the address below on September 8, 2005, by depositing the copy in the office depository for collection and delivery by first-class mail, postage pre-paid, to him as follows:

Filbert Nelson
2 Clark Street, P.O. Box 43
Norfolk, MA 02056

/s Susanne G. Reardon__
Susanne G. Reardon
Assistant Attorney General

Case 1:04-cv-10316-JLT    Document 47    Filed 09/08/2005    Page 3 of 4