UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FILBERT NELSON,                )
                               )
        Petitioner,            )
                               )
v.                             )        Civil Action 04-cv-10316-JLT
                               )
                               )
LUIS SPENCER,                  )
                               )
        Respondent.            )

REPORT AND RECOMMENDATION ON GROUNDS TWO AND FOUR
OF AMENDED PETITION FOR WRIT OF HABEAS CORPUS (DOCKET #22)

Before the Court for a Report and Recommendation are the parties memorandum arguing the merits of Grounds Two and Four of the Amended Habeas Petition. For the reasons set forth below, I recommend that the Court deny the Petition as to these two grounds and, as the Court has previously resolved the other grounds, enter judgment in favor of the Respondent.

PRIOR PROCEEDINGS

On June 26, 1996, a Suffolk County, Massachusetts, grand jury returned a two count indictment against Petitioner Filbert Nelson for trafficking in over 200 grams of cocaine and illegal possession of a firearm. See Respondent's Supplemental Answer Vol. I, Ex.1 (hereinafter "S.A."). Petitioner went to trial on both counts, and on June 4, 1997, Judge Charles Spurlock declared a mistrial after the jury declared themselves deadlocked. Id. On June 10, 1997, following a second trial, the jury found the Petitioner guilty of both offenses. Id. Judge Spurlock

sentenced the Petitioner to eighteen to twenty years in prison. Id.

On June 15, 1999, the Petitioner filed a *pro se* motion for new trial. See S.A. Vol. I, Ex. 1. Judge Spurlock denied this motion without a hearing on August 18, 1999. Id. Petitioner appealed the denial to the Massachusetts Appeals Court ("Appeals Court") and presented the following claims: (1) trial counsel provided ineffective assistance due to counsel's refusal to allow Petitioner to testify; (2) the Petitioner's unknowing and involuntary waiver of his right to testify was prejudicial and constitutional error under the 5th, 6th and 14th Amendments; (3) the trial judge committed reversible error by denying the Petitioner's request to discharge counsel and for a brief continuance; and (4) the motion judge erred in denying the Petitioner's motion to suppress. See S.A. Vol. I, Ex. 2. On June 4, 2001, the Appeals Court affirmed the Petitioner's convictions in an unpublished opinion pursuant to Mass. R. App. Prac. 1:28. Commonwealth v. Nelson, 51 Mass.App.Ct. 1112 (2001); S.A. Vol. I, Ex. 5.

The Petitioner then filed an Application for Leave to Obtain Further Appellate Review ("ALOFAR") in the Massachusetts Supreme Judicial Court ("SJC") and presented the following claims: (1) ineffective assistance based on trial counsel's refusal to allow the defendant to testify; (2) the trial judge committed reversible error by denying the defendant's request to discharge counsel and for a brief continuance; and (3) the motion judge erred in denying the defendant's motion to suppress. See S.A. Vol. I, Ex. 6. On July 30, 2001, the SJC denied the Petitioner's ALOFAR. Commonwealth v. Nelson, 434 Mass. 1108 (2001); See S.A. Vol. I, Ex. 7.

On June 18, 2002, the Petitioner filed a second motion for new trial. See S.A. Vol. I, Ex. 1. The trial judge denied this motion without a hearing on July 31, 2002, finding the issues waived. Id. The Petitioner appealed the denial of this second motion for new trial to the Appeals

Court and presented the following claims: (1) the trial judge abused his discretion in denying the motion for new trial without having an evidentiary hearing; (2) ineffective assistance of counsel based on (a) the failure to properly investigate and marshal facts relative to the proper presentation of issues during the hearing on the motion to suppress; (b) failure of trial counsel to properly investigate key issues for presentation to the jury; and (c) failure of appellate counsel to properly present key facts and issues to the Appeals Court on his direct appeal; (3) lack of probable cause for the initial seizure of the defendant without a warrant having been issued; and (4) ineffective assistance of counsel for failure to request a missing witness instruction. See S.A. Vol. II, Ex. 8.  The Appeals Court affirmed the denial of the motion for new trial in an unpublished opinion pursuant to Mass. R. App. Prac. 1:28. Commonwealth v. Nelson, 59 Mass.App.Ct. 1112 (2003); See S.A. Vol. II, Ex. 10.  The Petitioner then filed a second ALOFAR with the SJC on December 3, 2003, presenting only one claim: Whether the motion judge abused his discretion by denying the motion for new trial without a hearing where trial and appellate counsel were ineffective. S.A. Vol. II, Ex. 11.  On January 29, 2004, the SJC denied the Petitioner's second ALOFAR. Commonwealth v. Nelson, 441 Mass. 1102 (2004); S.A.Vol. II, Ex. 12.

On February 13, 2004, the Petitioner filed a petition for writ of habeas corpus with this Court (Docket #2).  The Respondent filed an Answer on April 15, 2004 (Docket #9), a two volume Supplemental Answer on April 16, 2005 (Docket #12 and 13), and on May 12, 2004, the Respondent filed a Motion to Dismiss for Failure to Exhaust State Court Remedies (Docket #14). On June 23, 2004, the Petitioner filed an Amended Petition for Writ of Habeas Corpus (Docket#22) ("Amended Petition") containing four grounds: (1) violation of Petitioner's 4th

3

Amendment rights; (2) ineffective assistance of counsel in failing to call two witnesses to testify at trial; (3) the trial judge abused his discretion in denying a motion for new trial without a hearing; (4) ineffective assistance of counsel when counsel failed to allow Petitioner to testify in his own behalf at trial.

On July 30, 2004, the respondent filed a Motion to Dismiss Grounds One and Three of the petition for failure to state a claim upon which relief can be granted (Docket #24). On January 19, 2005, Magistrate Judge Cohen recommended that the Respondent's Motion to Dismiss Grounds One and Three be allowed (Docket #30). On February 17, 2005 Judge Tauro adopted this recommendation and dismissed Grounds One and Three from the petition. Electronic Order dated February 17, 2005. The Petitioner and the Commonwealth each filed a Memorandum of Law on the Merits of Grounds Two and Four of the Amended Petition for Writ of Habeas Corpus (Docket #36 and #37, respectively).

## DISCUSSION

1. <u>Ground Two of the Petition is Barred by the Procedural Default Rule.</u>

The Supreme Court has ruled that federal courts cannot "review a question of federal law decided by a state court if the decision of that court rests on a state law ground that is independent of the federal question and adequate to support the judgment." <u>Coleman v. Thompson</u>, 501 U.S. 722, 729 (1991). The Supreme Court has also ruled that "the [adequate and independent state law] doctrine applies to bar consideration on federal habeas of federal claims that have been defaulted under state law." <u>Lambrix v. Singletary</u>, 520 U.S. 518, 523 (1997). Thus, "prisoners whose claims are dismissed by state courts for procedural reasons cannot gain access to federal habeas review." <u>Boutwell v. Bissonnette</u>, 66 F.Supp.2d 243, 245 (D. Mass.

1999), citing Wainwright v. Sykes, 433 U.S. 72, 86-87 (1977); Phoenix v. Matesanz, 189 F.3d 20, 24 (1st Cir. 1999).

That is precisely the case as to Petitioner's Ground Two.  Petitioner claims ineffective assistance of counsel arising out of the failure of counsel to call to testify at trial either the informant Tony McClendon or Wellesley Police Lt. Cunningham.  This claim was not advanced in his first motion for a new trial. See S.A. Vol. I, Ex. 2 at 4-5.  After the conclusion of the direct appeal from Petitioner's conviction (which also addressed the denial of the first motion for new trial), Petitioner filed a second motion for new trial in which he claimed, generally, the type of ineffectiveness set forth in Ground Two of the instant petition.  The Superior Court denied the Motion; it "deemed waived" the issues advanced because they "could have been raised on [Petitioner's] direct appeal of verdict and denial of his first motion for new trial." S.A. Vol. II, Ex. 8 (attached as record appendix page 7).  The Appeals Court rejected Petitioner's appeal from this Order for "the reasons set out in the Commonwealth's brief," which asserted that Petitioner had waived the issues by not including them in his first motion for a new trial, S.A. Vol. II, Ex. 9 at 12, as well as the court's prior decision on Petitioner's direct appeal. Commonwealth v. Nelson, 59 Mass.App.Ct. 1112 (2003); S.A. Vol. II, Ex.10.  The SJC denied Petitioner's application for further appellate review. Commonwealth v. Nelson, 441 Mass. 1102 (2004); S.A. Vol. II, Ex. 12.

Petitioner avers that the failure to raise his claim of trial counsel's ineffectiveness on the direct appeal was due to his appellate lawyer's ineffectiveness.  However, the state court deemed the issue waived when advanced in the second motion for a new trial, notwithstanding the contention of appellate counsel's ineffectiveness.  Therefore, the procedural default rule bars

Petitioner's ineffective assistance of counsel claim. Accordingly, I recommend that the Court deny Ground Two of the petition.[1]

    2. <u>Ground Four Fails to Show any State Court Error of Fact or Law.</u>

Petitioner claims that his trial counsel "fail[ed] to allow him to testify" even though Petitioner "consistently and repeatedly informed trial counsel of his desire to testify." Amended Petition for Writ of Habeas Corpus Ground Four (Docket #22). According to Petitioner, trial counsel "threaten[ed]" to withdraw if Petitioner testified. Id. Petitioner advanced this claim of ineffective assistance in his first *pro se* motion for a new trial. The trial court denied the motion and the Appeals Court determined, on the facts of this case, that trial counsel's recommendation that Petitioner not testify "was not clearly an inappropriate tactical decision." 51 Mass.App.Ct. 1112 (2001) (unpublished); S.A. Vol. I, Ex. 5. It also determined that Petitioner "made no indication of his desire to testify on his own behalf at either trial." Id. Several reasons warrant the rejection of Ground Four.

Habeas review of claims previously adjudicated by a state court is limited as set forth in 28 U.S.C. § 2254(d). Petitioner must establish under § 2254(d) that the state court arrived at a

---

[1]Assuming, *arguendo*, that it were not barred by procedural default, Ground Two has other serious defects. First, while Petitioner claims ineffectiveness of trial counsel for failing to call Tony McClendon *and* Lt. Cunningham, Petitioner's Memorandum of Law only addresses the failure to call Lt. Cunningham; it does not speak to the importance of McClendon at all. As for Lt. Cunningham, Petitioner does not demonstrate, as he must in order to assert a 6th Amendment claim of ineffective assistance, that he suffered any actual prejudice at trial from counsel's failure to call Lt. Cunningham as a witness. Petitioner must show "that there [was] a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." <u>Strickland v. Washington</u>, 466 U.S. 668, 694 (1984). According to Petitioner himself, Lt. Cunningham was a witness with, at most, evidence related to the timing of the search of Petitioner's apartment, which would pertain only to the motion to suppress, an issue not before the trial court in any event. <u>See</u> Petitioner's Memorandum of Law at 10 (Docket #36) (describing the relevance of the officer's testimony to the motion to suppress).

conclusion that is either "contrary to" or involves "an unreasonable application" of Supreme Court precedent. Williams v. Taylor, 529 U.S. 362, 412 (2000). Moreover, the factual determinations of the state court can be overturned only if "objectively unreasonable." 28 U.S.C. § 2254(d)(2); Miller-El v. Cockrell, 537 U.S. 322, 340 (2003).

The Appeals Court analyzed Petitioner's claim under a rubric mirroring the Supreme Court's Strickland decision. Specifically, the Appeals Court considered whether Petitioner's attorney was "deficient" in the sense that his performance fell "measurably below that which might be expected from an ordinary fallible lawyer," Commonwealth v. Saferian, 366 Mass. 89, 96 (1974), and whether "had [Petitioner] testified, it would have in any way changed the jury's decision." Nelson, 51 Mass.App.Ct. at 1152. Thus, the legal standard applied by the Appeals Court is not an "unreasonable application" of the Supreme Court's decision in Strickland.

The Appeals Court found no evidence of Petitioner's desire to testify other than his post-trial affidavit. The Appeals Court also noted that under Massachusetts law the trial court was not obligated to inquire into the decision not to testify, Commonwealth v. Hennessey, 23 Mass.App.Ct. 384, 388-89 (1987); the same is true under federal law. United States v. Systems Architects, Inc., 757 F.2d 373, 376 (1st Cir. 1985); United States v. Janoue, 720 F.2d 1156, 1161 (10th Cir. 1983). The Appeals Court, in the face of the substantive evidence against Petitioner, found trial counsel's recommendation not to testify within the range of permissible tactical choices. Commonwealth v. Nelson, 51 Mass.App.Ct. 1112 (2001); S.A. Vol. I, Ex. 5.

Petitioner has not submitted anything that satisfies his burden of establishing that the state court's factual determinations were "objectively unreasonable." Miller-El, 537 U.S. at 340. The record before the Court belies Petitioner's claim that his failure to testify resulted from trial

counsel's refusal to permit him to do so. Shortly before the start of the second trial, trial counsel moved to withdraw due to Petitioner's dissatisfaction with the representation. Petitioner addressed the trial judge directly. While he complained that counsel had not given him a copy of the search warrant, he did not state his desire to testify or in any way complain that trial counsel interfered with his right to testify. See S.A. Vol. II, Ex. 8 (attached as record appendix pages 178-182). Moreover, the record contains a copy of a letter sent by trial counsel to Petitioner on May 21, 1997. See Petitioner's Memorandum of Law (attached as record appendix pages 24-26). In the letter, trial counsel analyzed the factual and legal issues presented by Petitioner's indictment and specifically deferred to Petitioner's decision as to whether or not he should testify. Id.

Moreover, Petitioner indicates his testimony would have rebutted the inference that he knew the he possessed drugs at the time of his arrest, rather than unwittingly holding the drug filled bag for the informant. Putting aside the substantial impeachment regarding drug transactions with the informant the Petitioner might have opened up, this testimony would not have answered the substantial evidence arising out of the search of the apartment including over $70,000 in cash in a safe and over 200 grams of cocaine.

In short, Petitioner has failed to establish an incorrect legal or factual determination under the applicable standards of review. Accordingly, I recommend that the Court deny Ground Four of the Petition.

## CONCLUSION

For the foregoing reasons, I recommend that the Court (1) deny Grounds Two and Four of the Petition, and (2) enter Judgment DENYING in favor of the Respondent as the Court

previously rejected Grounds One and Three of the Amended Petition. See Electronic Order dated February 17, 2005.[2]

                                              /s/ LEO T. SOROKIN
                                              Leo T. Sorokin
                                              UNITED STATES MAGISTRATE JUDGE

---

[2] Any party objecting to the proposed findings and recommendations of this Report and Recommendation must file a written objection thereto within 10 days of receipt of this Report and Recommendation. The written objections must identify with specificity the portion of the proposed findings, recommendations, or report to which objection is made, and the basis for such objections. See Fed. R. Civ. P. 72. The parties are further advised that the United States Court of Appeals for the First Circuit has repeatedly indicated that failure to comply with this Rule shall preclude further appellate review.