UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION
No. 04-10316-JLT

FILBERT NELSON,
    Petitioner,

v.

LUIS SPENCER,
    Respondent.

### PETITIONER'S MOTION TO VOLUNTARILY WITHDRAW GROUNDS TWO AND FOUR WITHOUT PREJUDICE FOR WANT OF JURISDICTION

The Petitioner, Filbert Nelson, hereby moves this Honorable Court to withdraw Grounds 2 and 4 of his petition for Writ of Habeas Corpus, as this Honorable Court lacks subject matter jurisdiction over the issues.

In support of his Motion, petitioner gives the following rational: Ground 2, 2(c) Ineffective-Assistance of Appellate Counsel is not ripe for consideration by this Honorable Court because the Trial Court deemed the issue waived as having not been raised in petitioner's first motion for a new trial and on direct appeal, see S.A. Vol.II, R. 14-15; see also Mass.R.Crim.P. 30 (c)(2)(any grounds not raised in first new trial motion are deemed waived). Ground Four: trial counsel's refusal to allow the petitioner to testify in his own defense is not ripe for consideration by this Honorable Court because the trial judge never

-2-

considered the issue and the Appeals Court denied the appeal in an unpublished opinion pursuant to Rule 1:28, even though the petitioner's Right to testify was raised in his first motion for a new trial and in his Direct Appeal. See S.A. Vol. I, page 4; R. 71-91.

## FACTS

In the course of criminal proceedings against the petitioner, after his conviction an appeal was filed. During the pendency of that appeal, petitioner filed a _pro-se_ pre-appeal Motion for a New Trial raising two issues in the trial court to preserve the issues for appellate review because his appellate counsel refused to raised them on appeal, see S.A. Vol. I, R. 71-91.  The appeal was stayed while petitioner's new trial ran its course.  Once the new trial motion was resolved, appellate counsel consolidated both issues from the pre-appeal motion for a new trial with the Direct Appeal issues which proceeded to conclusion in an unpublished opinion in Commonwealth v. Nelson, 51 Mass. App.Ct. 1112 (2001); S.A. Vol. I, Ex. 5.  Thereafter, the petitioner's application for Further Appellate Review was denied.

Once the appeal was complete, petitioner, by and through counsel, filed his second Motion for a New Trial, albeit his first Postconviction New Trial Motion.  It is the timing of this subsequent motion for a New trial that

-3-

has cause confusion and erroneous consideration through the courts. It has been assumed that because there has been a second new trial motion there has been a second "post-conviction" motion wherein all issues not previously raised are deemed waived in Commonwealth v. Nelson, 59 Mass.App.Ct. 1112 (2003). Those issues in the pre-appellate motion were subsumed in the original appeal process, see Commonwealth v. Hallet, 427 Mass. 552, 555 (1998). Those issues raised in the postconviction new trial motion were not yet ripe for consideration until the original appellate process was complete, see Commonwealth v. Cormier, 41 Mass.App.Ct. 76 (1996). As such, the issue of ineffective assistance of appellate counsel could not have been raised until after the appeal had been heard and decided on the merits of the issues raised by appellate counsel. See also Commonwealth v. LaPointe, 55 Mass.App.Ct. 799 (2002)(failure to raised ineffective assistance of appellate counsel in post-conviction, post-appeal motion waives issue from further review).

At each stage of this case, the status of petitioner's first post-conviction motion has been erroneously termed his second post-conviction motion, when, in fact, it was his pre-appeal motion. Only one truly postconviction motion was filed. Those issues raised therein could not have been raised earlier than they were, see S.A. Vol. II, page 1.

Because the only issue that is currently within the

-4-

subject matter jurisdiction of this Court is whether the trial court abused its discretion by deeming petitioner's postconviction motion as a second and subsequent motion for the purpose of waiver where those issues were truly post-conviction, the other issues raised by petitioner are not ripe for consideration.

Where one to review the procedural history of the instant case, one could easily put the entire matter into perspective. Indictments were returned against petitioner on June 26, 1996, charging two counts: Trafficking in cocaine and possession of a firearm. Petitioner was put on trial before a jury where a mistrial was declared due to a deadlocked jury. A second trial was had, the result of which was a guilty verdict on both counts. An appeal was filed and subsequently stayed in order that the petitioner could file a pro-se motion for a new trial to exhaust two issues that appellate counsel refused to include in the petitioner's direct appeal. Once the pre-appellate new trial motion was denied, the appellate process resumed and appellate counsel consolidated the pre-appeal motion for a new trial with the direct appeal which resulted in an "affirmation" of the conviction. Thereafter, a second new trial motion was filed. This second motion is being considered a successive "postconviction" motion, which it is not. It is a first postconviction motion filed after all other available means of review had been exhausted.

-5-

As such, the courts and Respondent are perplexing the issues and facts actually argued in petitioner's first "pre-appeal" motion for a new trial with the "post-conviction procedure" issues raised in petitioner's second motion for a new trial. S.A. Vol. II, R. 14-15.

The entirety of Respondent's argument is premised upon the erroneous proposition that petitioner's claim are precluded from Federal Habeas Review because they could have and should have been raised in the state court appeal or in the first new trial motion. Although Respondent is correct in result, it is incorrect in theory. The first new trial motion was prior to the occasion that gives rise to the cause for review; the ineffective-assistance-of-appellate counsel for having failed to raise those issues in petitioner's direct appeal is a proper vehicle for raising claim of ineffective-assistance-of-appellate counsel, see Bates v. Commonwealth, 434 Mass. 1019, 1020 (2001); see also Reporter's Notes to Rule 30 (b).

As stated, the issue of ineffective assistance of appellate counsel could not have been raised until after the appeal had been heard and decided on the merits of the issues raised by appellate counsel. It would have been frivolous for petitioner to have raised a claim of ineffective-assistance-of-appellate-counsel in his first motion for a new trial or in his direct appeal, as the issue had not been ripe for consideration until his appeal had

-6-

been decided. See Massaro v. United States, 123 S.Ct. 1690, 1694-96 (2003).

Under former practice in Massachusetts, if a trial Judge passed on an issue rather than considering it on its merits, it foreclosed that issue from appellate consideration Commonwealth v. Hallet, 427 Mass. 552, 554-555 (1998). This approach give trial judges wide latitude in whether to consider an issue on its merits, thereby resurrecting the issue for appellate purposes, or to pass on an issue without considering it, thereby foreclosing the issue from review. Id., at 554.

Under current practice, a judge may only review an issue if the "substantial risk of a miscarriage of justice" standard is met. See Commonwealth v. Bly, 444 Mass. 640 (2005). This new standard was not in place at the time petitioner sought review in the State Court, but, ultimately will control any further state court consideration. Id., at 648.

Because, under former practice, the trial judge passed on all of petitioner's claims in his postconviction new trial motion, those issues were not properly resurrected for review. See Commonwealth v. Martinez, 420 Mass. 622 (1995); cf. Commonwealth v. Richardson, 361 Mass. 661 (1972) (attempt to raised issue in new trial motion not resurrected when trial judge passes on matter without consideration), and Commonwealth v. Buckley, 17 Mass.App.Ct. 373 (1984)

-7-

(issues considered by trial judge resurrected and preserved for review). In the instant case, the trial judge deemed the issues waived and foreclosed all issues from review, leaving only the question whether the trial judge abused his discretion in so ruling.

## CONCLUSION

WHEREFORE, Petitioner requests that this Honorable Court allow his Motion to Voluntarily Withdraw Grounds Two and Four of his petition for Writ of Habeas Corpus without prejudice for want of jurisdiction, so that petitioner may move forward on the question whether the trial judge abused his discretion by passing on issues as having been waived when the issues were raise at the earliest opportunity to raised them in his first post-conviction Motion for a New Trial.

Respectfully submitted,
By The Petitioner,

Dated: 5th, January 2006.

Filbert Nelson, pro-se
MCI-Norfolk
P.O. Box 43
Norfolk, MA 02056

-8-

## CERTIFICATE OF SERVICE

I, Filbert Nelson, hereby certify under the pains and penalties of perjury that a true copy of my motion to voluntarily withdraw grounds two and four has been served upon the Assistance Attorney General Ms. Susanne Reardon, by mailing same postage prepaid first class mail to her address located at the office of Attorney General, criminal Bureau, One Ashburton Place, Boston, Mass. 02108.

Dated: 5th, January 2006.                 Filbert Nelson, pro-se