UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION
No. 04-10316-JLT

FILBERT NELSON,              :
        Petitioner,         :
                            :
        v.                   :
                            :
LUIS SPENCER,                :
        Respondent.         :

PETITIONERS REQUEST FOR A
CERTIFICATE OF APPEALABILITY

Pursuant to Fed.R.App.P. Rule 22(b); First Circuit
Interim Loc.R. 22. 1(b); and 28 U.S.C. § 2253 (c), the
Petitioner in the above-entitled case, having filed a timely
notice of appeal from this Court's order of February 22,
2005, denying his Petition for Writ of Habeas Corpus as to
Grounds One and Three; and again denying the Petitioner's
Petition for Writ of Habeas Corpus as to Grounds Two and
Four on January 17, 2006, hereby requests that this Court
grant a Certificate of Appealability with respect to the
following fact in Ground Three:

Whether the trial judge abused his discretion
in denying the Petitioner's second Motion for
a New Trial where a substantial showing of a
miscarriage of justice has accrued.

This issue was properly raised in Petitioner's
appeal, See (S.A. Vol. II, at page 14-20); and Further

-2-

Appellate Review filed December 3, 2003, See (S.A. Vol. II,
Ex. 11) located at the back of brief. See also Petitioners
Written Objections to the Magistrate Judge's Report and
Recommendation to Dismiss Grounds One and Three, forward to
this Court on February 4, 2005.

Those issues raised in Petitioners Original and
Amended Petitions for Habeas Corpus relief included one
meritorious issue that this Honorable Court had considered
in its original Report and Recommendation, dated February
22, 2005, which is hereby included in the instant Requests:
whether the trial judge abused his discretion in denying
Petitioners first postconviction motion for a new trial
which raised the issue of ineffective assistance of
appellate counsel for the first time. Petitioner's claim
of ineffective assistance of appellate counsel was
erroneously deemed waived by the trial court, and, although
the Petitioner failed to articulate the materiality of said
waiver, the issue has been preserved throughout his
attempts at review. As such, it is the only claim for which
Petitioner now seeks a certificate of appealability, the
trial judge's abuse of discretion. See Petitioner's Motion
To Voluntarily Withdraw Grounds Two and Four Without
Prejudice for Want of Jurisdiction for a complete discussion
on the facts and merits of Petitioner's current and past
claims, which have caused substantial confusion throughout
these proceedings filed January 15, 2006.

-3-

Respectfully Submitted,
By The Petitioner,

Filbert Nelson, pro se
MCI-Norfolk
2 Clark Street
P.O. Box 43
Dated: February 8, 2006.    Norfolk, Mass. 02056

CERTIFICATE OF SERVICE

I, Filbert Nelson hereby certify under the pains
and penalties of perjury that a true copy of my notice of
appeal and certificate of appealability as been served upon
the Respondents Attorney of record Ms. Susanne Reardon,
Criminal Bureau, by mailing same postage prepaid first class
mail to her address at the Office of The Attorney General,
One Ashburton Place, Boston, Mass. 02108 on this 8th, day
of February 2006.

Filbert Nelson

United States District Court

District of Massachusetts

Notice of Electronic Filing

The following transaction was received from Abaid, Kim entered on 2/22/2005 at 11:45 AM EST and filed on 2/17/2005
Case Name:        Nelson v. Spencer
Case Number:      1:04-cv-10316
Filer:
Document Number:

Docket Text:
Judge Joseph L. Tauro : Electronic ORDER entered. ORDER ADOPTING REPORT AND RECOMMENDATIONS for [27] Motion for Order and [24] Motion to Dismiss filed by Luis Spencer, Action on motion: [27] Motion for Order is DENIED. [24] Motion to Dismiss is ALLOWED. (Abaid, Kim)

The following document(s) are associated with this transaction:

1:04-cv-10316 Notice will be electronically mailed to:

Susanne G. Reardon    susanne.reardon@ago.state.ma.us, AppealsEFilings@ago.state.ma.us

1:04-cv-10316 Notice will not be electronically mailed to:

Filbert Nelson
MCI Norfolk
2 Clark Street
P.O. Box 43
Norfolk, MA 02056

United States District Court

District of Massachusetts

Notice of Electronic Filing

The following transaction was received from Abaid, Kim entered on 1/17/2006 at 2:16 PM EST and filed on 1/15/2006
Case Name:      Nelson v. Spencer
Case Number:    1:04-cv-10316
Filer:
Document Number:

Docket Text:
Judge Joseph L. Tauro : Electronic ORDER entered denying as moot [52] Motion to Withdraw Grounds Two and Four. (Abaid, Kim)

The following document(s) are associated with this transaction:

1:04-cv-10316 Notice will be electronically mailed to:

Susanne G. Reardon     susanne.reardon@ago.state.ma.us, AppealsEFilings@ago.state.ma.us

1:04-cv-10316 Notice will not be electronically mailed to:

Filbert Nelson
MCI Norfolk
2 Clark Street
P.O. Box 43
Norfolk, MA 02056

United States District Court

District of Massachusetts

Notice of Electronic Filing

The following transaction was received from Abaid, Kim entered on 1/17/2006 at 2:48 PM EST and filed on 1/15/2006
Case Name:     Nelson v. Spencer
Case Number:     1:04-cv-10316
Filer:
Document Number:

Docket Text:
Judge Joseph L. Tauro : Electronic ORDER entered. ORDER ADOPTING REPORT AND RECOMMENDATIONS for [48] Report and Recommendations, Action on motion: Grounds Two and Four are Dismissed.(Abaid, Kim)

The following document(s) are associated with this transaction:

1:04-cv-10316 Notice will be electronically mailed to:

Susanne G. Reardon     susanne.reardon@ago.state.ma.us, AppealsEFilings@ago.state.ma.us

1:04-cv-10316 Notice will not be electronically mailed to:

Filbert Nelson
MCI Norfolk
2 Clark Street
P.O. Box 43
Norfolk, MA 02056

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION
No. 04-10316-JLT

```
FILBERT NELSON,        )
        Petitioner,    )
                       )
        v.             )
                       )
LUIS SPENCER,          )
        Respondent.    )
                       )
```

PETITIONER'S MOTION TO VOLUNTARILY WITHDRAW
GROUNDS TWO AND FOUR WITHOUT PREJUDICE FOR
WANT OF JURISDICTION

The Petitioner, Filbert Nelson, hereby moves this
Honorable Court to withdraw Grounds 2 and 4 of his petition
for Writ of Habeas Corpus, as this Honorable Court lacks
subject matter jurisdiction over the issues.

In support of his Motion, petitioner gives the
following rational: Ground 2, 2(c) Ineffective-Assistance
of Appellate Counsel is not ripe for consideration by this
Honorable Court because the Trial Court deemed the issue
waived as having not been raised in petitioner's first
motion for a new trial and on direct appeal, see S.A. Vol.II,
R. 14-15; see also Mass.R.Crim.P. 30 (c)(2)(any grounds not
raised in first new trial motion are deemed waived). Ground
Four: trial counsel's refusal to allow the petitioner to
testify in his own defense is not ripe for consideration by
this Honorable Court because the trial judge never

-2-

considered the issue and the Appeals Court denied the appeal
in an unpublished opinion pursuant to Rule 1:28, even though
the petitioner's Right to testify was raised in his first
motion for a new trial and in his Direct Appeal. See S.A.
Vol. I, page 4; R. 71-91.


## FACTS

In the course of criminal proceedings against the
petitioner, after his conviction an appeal was filed. During
the pendency of that appeal, petitioner filed a _pro-se_ pre-
appeal Motion for a New Trial raising two issues in the
trial court to preserve the issues for appellate review
because his appellate counsel refused to raised them on
appeal, see S.A. Vol. I, R. 71-91. The appeal was stayed
while petitioner's new trial ran its course. Once the new
trial motion was resolved, appellate counsel consolidated
both issues from the pre-appeal motion for a new trial with
the Direct Appeal issues which proceeded to conclusion in
an unpublished opinion in _Commonwealth v. Nelson_, 51 Mass.
App.Ct. 1112 (2001); S.A. Vol. I, Ex. 5. Thereafter, the
petitioner's application for Further Appellate Review was
denied.

Once the appeal was complete, petitioner, by and
through counsel, filed his second Motion for a New Trial,
albeit his first Postconviction New Trial Motion. It is
the timing of this subsequent motion for a New trial that

-3-

has cause confusion and erroneous consideration through the
courts.  It has been assumed that because there has been a
second new trial motion there has been a second "post-
conviction" motion wherein all issues not previously raised
are deemed waived in <u>Commonwealth v. Nelson</u>, 59 Mass.App.Ct.
1112 (2003).  Those issues in the pre-appellate motion were
subsumed in the original appeal process, see <u>Commonwealth v.
Hallet</u>, 427 Mass. 552, 555 (1998).  Those issues raised in
the postconviction new trial motion were not yet ripe for
consideration until the original appellate process was
complete, see <u>Commonwealth v. Cormier,</u> 41 Mass.App.Ct. 76
(1996).  As such, the issue of ineffective assistance of
appellate counsel could not have been raised until after the
appeal had been heard and decided on the merits of the
issues raised by appellate counsel. See also <u>Commonwealth v.
LaPointe</u>, 55 Mass.App.Ct. 799 (2002)(failure to raised
ineffective assistance of appellate counsel in post-
conviction, post-appeal motion waives issue from further
review).

     At each stage of this case, the status of petitioner's
<u>first</u> post-conviction motion has been erroneously termed
his <u>second</u> post-conviction motion, when, in fact, it was his
pre-appeal motion.  Only one truly postconviction motion was
filed.  Those issues raised therein could not have been
raised earlier than they were, see S.A. Vol. II, page 1.

     Because the only issue that is currently within the

-4-

subject matter jurisdiction of this Court is whether the
trial court abused its discretion by deeming petitioner's
postconviction motion as a second and subsequent motion for
the purpose of waiver where those issues were truly post-
conviction, the other issues raised by petitioner are not
ripe for consideration.

   Where one to review the procedural history of the
instant case, one could easily put the entire matter into
perspective.  Indictments were returned against petitioner
on June 26, 1996, charging two counts: Trafficking in
cocaine and possession of a firearm.  Petitioner was put on
trial before a jury where a mistrial was declared due to a
deadlocked jury.  A second trial was had, the result of
which was a guilty verdict on both counts.  An appeal was
filed and subsequently stayed in order that the petitioner
could file a pro-se motion for a new trial to exhaust two
issues that appellate counsel refused to include in the
petitioner's direct appeal.  Once the pre-appellate new
trial motion was denied, the appellate process resumed and
appellate counsel consolidated the pre-appeal motion for a
new trial with the direct appeal which resulted in an
"affirmation" of the conviction.  Thereafter, a second new
trial motion was filed.  This second motion is being
considered a successive "postconviction" motion, which it
is not.  It is a first postconviction motion filed after
all other available means of review had been exhausted.

-5-

As such, the courts and Respondent are perplexing the
issues and facts actually argued in petitioner's first
"pre-appeal" motion for a new trial with the "post-
conviction procedure" issues raised in petitioner's second
motion for a new trial. S.A. Vol. II, R. 14-15.

The entirety of Respondent's argument is premised
upon the erroneous proposition that petitioner's claim are
precluded from Federal Habeas Review because they could
have and should have been raised in the state court appeal
or in the first new trial motion.  Although Respondent is
correct in result, it is incorrect in theory.  The first
new trial motion was prior to the occasion that gives rise
to the cause for review; the ineffective-assistance-of-
appellate counsel for having failed to raise those issues
in petitioner's direct appeal is a proper vehicle for
raising claim of ineffective-assistance-of-appellate
counsel, see Bates v. Commonwealth, 434 Mass. 1019, 1020
(2001); see also Reporter's Notes to Rule 30 (b).

As stated, the issue of ineffective assistance of
appellate counsel could not have been raised until after the
appeal had been heard and decided on the merits of the
issues raised by appellate counsel.  It would have been
frivolous for petitioner to have raised a claim of
ineffective-assistance-of-appellate-counsel in his first
motion for a new trial or in his direct appeal, as the issue
had not been ripe for consideration until his appeal had

-6-

been decided. See <u>Massaro v. United States</u>, 123 S.Ct. 1690,
1694-96 (2003).

Under former practice in Massachusetts, if a trial
Judge passed on an issue rather than considering it on its
merits, it foreclosed that issue from appellate consideration
<u>Commonwealth v. Hallet</u>, 427 Mass. 552, 554-555 (1998).  This
approach give trial judges wide latitude in whether to
consider an issue on its merits, thereby resurrecting the
issue for appellate purposes, or to pass on an issue without
considering it, thereby foreclosing the issue from review.
<u>Id.</u>, at 554.

Under current practice, a judge may only review an
issue if the "substantial risk of a miscarriage of justice"
standard is met. See <u>Commonwealth v. Bly</u>, 444 Mass. 640
(2005).  This new standard was not in place at the time
petitioner sought review in the State Court, but, ultimately
will control any further state court consideration. <u>Id.</u>, at
648.

Because, under former practice, the trial judge
passed on all of petitioner's claims in his postconviction
new trial motion, those issues were not properly resurrected
for review. See <u>Commonwealth v. Martinez</u>, 420 Mass. 622
(1995); <u>cf</u>. <u>Commonwealth v. Richardson</u>, 361 Mass. 661 (1972)
(attempt to raised issue in new trial motion not resurrected
when trial judge passes on matter without consideration),
and <u>Commonwealth v. Buckley</u>, 17 Mass.App.Ct. 373 (1984)

-7-

(issues considered by trial judge resurrected and preserved
for review).  In the instant case, the trial judge deemed
the issues waived and foreclosed all issues from review,
leaving only the question whether the trial judge abused
his discretion in so ruling.


### CONCLUSION

WHEREFORE, Petitioner requests that this Honorable
Court allow his Motion to Voluntarily Withdraw Grounds Two
and Four of his petition for Writ of Habeas Corpus without
prejudice for want of jurisdiction, so that petitioner may
move forward on the question whether the trial judge abused
his discretion by passing on issues as having been waived
when the issues were raise at the earliest opportunity to
raised them in his first post-conviction Motion for a New
Trial.

                              Respectfully submitted,
                              By The Petitioner,


Dated: 5th, January 2006.

                              Filbert Nelson, pro-se
                              MCI-Norfolk
                              P.O. Box 43
                              Norfolk, MA 02056

-8-

## CERTIFICATE OF SERVICE

I, Filbert Nelson, hereby certify under the pains
and penalties of perjury that a true copy of my motion to
voluntarily withdraw grounds two and four has been served
upon the Assistance Attorney General Ms. Susanne Reardon,
by mailing same postage prepaid first class mail to her
address located at the office of Attorney General, criminal
Bureau, One Ashburton Place, Boston, Mass. 02108.


Dated: 5th, January 2006.        Filbert Nelson, pro-se