Mr. Filbert Nelson
MCI-Norfolk
2 Clark Street
P.O. Box 43
Norfolk, MA 02056

29th, August 2006

Honorable Joseph L. Tauro
United States District Court
District of Massachusetts
U.S. Courthouse, Room 2300
One Courthouse Way
Boston, Mass. 02210

RE: <u>Filbert Nelson v. Luis Spencer</u>
    No. 04-10316

Dear Judge Tauro:

    I apologize in advance for my persistence, and I
hope that it is not viewed as disrespect.

    On February 8, 2006, the Petitioner's filed a
Motion for Certificate of Appealability, and on February
15, 2006, Your Honor denied the motion without stating any
reasons why the motion was denied.

    On February 28, 2006, the Petitioner's filed a
Notice of Appeal in the United States Court of Appeals for
the First Circuit with an Affidavit in Support of Motion for
Permission to Appeal in Forma Pauperis; and on March 7, 2006
Petitioner'filled out and returned the Appearance Form
issued to petitioner by the United States Court of Appeals'
Clerk.

    In addition, on March 7, 2006, the Petitioner's
filed a Motion for Leave to Proceed in Forma Pauperis,
accompany by an affidavit along with petitioner's financial
institution account printout and submitted it to this Court;
and on March 14, 2006 the petitioner's filed a Memorandum of
Law setting forth the issue with supporting authority, the
facts and laws upon which petitioner's bases his claim
supporting the issuance of a certificate of appealability.
As such, as of this date Your Honor has not rule on the
Motion for Leave to Proceed in Forma Pauperis, nor has Your
Honor stated why petitioner's Motion for Certificate of
Appealability was denied.

Hon. Joseph L. Tauro
29th, August 2006
Page Two.

It is recognized that "reasonable forbearance must
be shown by counsel if decisions or findings do not issue
from a judge as quickly as one might wish." Zatsky v.
Zatsky, 36 Mass.App.Ct. 7, 12 (1994). See Mathews v. D'Arcy,
425 Mass. 1021 (1997).  In this case, the petitioner have
tried to exercise such "reasonable forbearance."  In Zatsky,
the Appeals Court for the Commonwealth suggested that a
party feeling aggrieved by delay should make inquiry of the
trial court directly or through the clerk's office.  The
Petitioner has done so on a number of occasions by notifying
the District Court Clerk, and by filing a Status Report with
the United States Court of Appeals for the First Circuit for
the past five months.

Also, according to Federal Rule of Appellate Procedure
Rule 22 (1) which stated that, "if an applicant file a
Notice of Appeal, the district judge who rendered the
judgment **must** either issue a certificate of appealability or
state why a certificate should not issue."  Rule 24 (2)
stated that, "if the district court grant the motion, the
party may proceed on appeal without prepaying or giving
security for fees and costs, unless a statue provides other-
wise."  "If the district court denies the motion, it **must**
state its reasons in writing. See also 28 U.S.C. § 2253(c).

The petitioner had filed two separate Motion to
Stay the Proceedings based on Newly Discovered Evidence.
First being August 29, 2005, and again on April 18, 2006, to
which both motion were denied.  The petitioner believe that
the long delay to rule on petitioner's Motion for Leave to
Appeal in Forma Pauperis, and Your Honor's failure to state
its reasons as to why petitioner's Motion for Certificate of
Appealability was denied has prejudice the petitioner to
litigate his case.  Petitioner's Motion for Leave to Appeal
in Forma Pauperis was (Entered on 3/08/2006).

The Petitioner is now looking forward to Your Honor
in hope as to when a decision maybe anticipated.

Thank you for your attention and consideration.

Respectfully,

Filbert Nelson

cc: Filed