# MANDATE

# United States Court of Appeals
## For the First Circuit

No. 06-1296

FILBERT NELSON,

Petitioner, Appellant,

v.

LUIS SPENCER, SUPERINTENDENT,

Respondent, Appellee.

Before

Boudin, Chief Judge,
Selya, Circuit Judge,
and Stahl, Senior Circuit Judge.

**JUDGMENT**
**Entered: December 15, 2006**

    Appellant, Filbert Nelson, requests a certificate of appealability ("COA") after the United States District Court for the District of Massachusetts denied his petition for habeas corpus relief pursuant to 28 U.S.C. § 2254 and denied him a COA. Although appellant raised four claims in his petition, his COA application relates only to the district court's denial of the second claim, in which he asserted that the Massachusetts Appeals Court erred when it held that he had waived his claim that his appellate counsel was ineffective. Appellant argued at various times that appellate counsel should have, among other things, raised on direct appeal the issue of trial counsel's failure to call as witnesses Lieutenant Cunningham and informant Tony McClendon.

    Under AEDPA, 28 U.S.C. § 2253(c), "the issuance of a COA [is permitted] only where a petitioner has made a 'substantial showing of the denial of a constitutional right.'" Miller-El v. Cockrell, 537 U.S. 322, 336 (2003). After careful review of the record, we conclude that, although appellant mounts a persuasive case in one respect, he has not made this showing.

    Appellant argues that the district court erred in holding that his appellate ineffective assistance claim is procedurally defaulted. He points out that, contrary to the district court and Massachusetts Superior Court's opinions, he raised the issue at the earliest possible opportunity. We are persuaded enough by appellant's argument to turn to the merits of the ineffective

assistance claim, itself.

"A criminal defendant claiming a Sixth Amendment ineffective assistance of counsel violation must establish that (1) 'counsel's representation fell below an objective standard of reasonableness' and (2) 'a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" Smiley v. Maloney, 422 F.3d 17, 20 (1st Cir. 2005) (quoting Strickland v. Washington, 466 U.S. 668, 684 (1984)). We need only discuss the second prong here. Thereunder, "'[a] reasonable probability is a probability sufficient to undermine confidence in the outcome.'" Smiley, 422 F.3d at 20 (quoting Strickland, 466 U.S. at 694). This is a "highly demanding" and "heavy burden." See Williams v. Taylor, 529 U.S. 362, 393 (2000).

We first consider appellant's claim that appellate counsel should have raised as an issue on direct appeal trial counsel's failure to call Lt. Cunningham as a witness. Appellant, himself, stated that Lt. Cunningham was a witness that would serve to provide evidence relating to the timing of the search. This, however, is a subject germane to the motion to suppress but not to any issues adduced at trial. Thus, appellant fails to establish a reasonable probability that the proceeding would have been different. See Smiley v. Maloney, 422 F.3d at 20.

As to appellate counsel's failure to raise on appeal trial counsel's oversight as to informant McClendon, we find that the argument was insufficiently developed below and, therefore, is waived. See, e.g., Castillo v. Matesanz, 348 F.3d, 1, 12 (1st Cir. 2003); Malave v. Carney Hosp., 170 F.3d 217, 222 (1st Cir. 1999) ("It is a bedrock rule of appellate practice that . . . matters not raised in the [district] court cannot be hawked for the first time on appeal.").

Likewise, appellant's remaining arguments are waived. Appellant did not include in either his habeas petition or its accompanying memorandum his claims concerning appellate counsel's failure to advise him to file a "Moffett brief" and failure to describe the second motion for new trial as the first post conviction motion.

Accordingly, we **DENY** appellant's application and **TERMINATE** the appeal.

Certified and Issued as Mandate
under Fed. R. App. P. 41.

Richard Cushing Donovan, Clerk

_[signature]_
Deputy Clerk

Date: 3/2/07

By the Court:

Richard Cushing Donovan, Clerk.

By: _____
MARGARET CARTER
Chief Deputy Clerk.

[cc: Filbert Nelson, Susanne G. Reardon, AAG]